**OVERSTREET et al. v. WICHITA FALLS & N. W. R. CO.**

No. 9425—Opinion Filed Oct. 1, 1918.

(175 Pac. 354.)

**1. Carriers—Interstate Shipment of Live Stock—Suit for Injury—Time.**

Where an action is brought to recover damages upon an interstate shipment of live stock made prior to the 4th day of June, 1915, under a written contract containing the provision that "no suit shall be maintained unless instituted in 91 days after the happening of the injuries, delay or delays complained of," etc., such provision is valid and binding upon the parties thereto, and a failure to institute said suit within the time specified therein is a complete bar to such action.

**2. Same—Waiver by Carrier.**

In such a case the carrier cannot waive the terms of the contract, nor ignore the same nor can the shipper hold the carrier to a different responsibility from that fixed thereby.

**3. Limitation of Actions — Suspension — Disability.**

As a general rule the disability which arrests the running of a statute must exist at the time the right of action accrues, and the statute having once attached, the period will continue to run, and will not be suspended by any subsequent disability, unless the statute so provides.

(Syllabus by Hooker, C.)

Error from District Court, Harper County; W. C. Crow, Judge.

Action by H. Overstreet and another against the Wichita Falls & Northwestern Railroad Company. Demurrer to reply sustained, and plaintiffs bring error. Affirmed.

D. P. Parker, for plaintiffs in error.

C. C. Huff, E. J. Dick, W. C. Lewis, and M. W. McKenzie, for defendant in error.

Opinion by HOOKER, C. This action was instituted by the plaintiffs in error against the railway company in the lower court to recover damages alleged to have been received by them in the shipment of a carload of hogs from a point in the state of Oklahoma to a point in the state of Kansas, and the contract of shipment was made on the 20th day of April, 1915.

The answer of the company alleges that said shipment was made by virtue of a written contract, and that one of the provisions of said contract was to the effect "that no suit shall be maintainable unless instituted in 91 days after the happening of the injuries, delay or delays complained of, any statute of limitations to the contrary notwithstanding"; and it further alleges that the plaintiff failed to give the notice required by said contract, and the plaintiff failed to institute suit within 91 days after the alleged happening of the alleged injuries and delays complained in plaintiff's petition, as provided for by the terms of said contract, and this provision of the contract is relied upon by the company in said answer as a bar to the prosecution of this cause, this action having been filed on the 24th day of January, 1916.

To this answer the plaintiff replied, seeking to justify the 91 days by alleging that the contract under which said shipment was made was filed with said defendant company by the plaintiffs, and that the plaintiffs had requested the same to be returned within 30 days after the claim for damages should be rejected; that said papers were filed with the company about the 14th day of May, 1915, and that the plaintiffs attached to their claim their copies of the bill of lading or the contract of shipment, etc., and that, although they had requested the defendant, in case the claim should be rejected, to return the papers to them within 30 days, the said defendant and its authorized agent carelessly and willfully retained possession of said papers and documents until the 12th day of October, 1915, when said papers were returned; and that this action was commenced within 91 days thereafter, and that all these conditions were waived by the auditor of the company who had authority to waive same.

To this reply a demurrer was filed and sustained. The plaintiffs, declining to plead further, have appealed to this court, and the sole question necessary to decide here is:

"Do the acts of the company and its agent, as stated, waive the clause in said bill of

lading or shipping contract barring recovery unless suit be filed within 91 days from date of damages"?

This court in a number of cases has held that a provision of a shipping contract, like the one here, is binding upon the shipper and the carrier, and cannot be departed from any more than the law itself, and that the agent of the company cannot waive the conditions of the shipping contract of an interstate shipment. See St. L. & S. F. R. Co. v. Zickafoose, 39 Okla. 302, 135 Pac. 406; M. K. & T. R. Co. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690; C., R. I. & P. R. Co. v. Gray, 65 Okla. 181, 165 Pac. 157; G., F. & A. R. Co. v. Blish Milling Co., 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948. It must be borne in mind that this shipment was made and the damages occurred prior to the enactment of 38 Stat. 1196 (chapter 176 of Sixty-Third Congress [U. S. Comp. St. 1916, secs. 8592, 8604a]), which went into effect on June 4, 1915. The general rule is that:

"The disability which arrests the running of a statute must exist at the time when the right of action accrues, and, the statute having once attached, the period will continue to run, and will not be suspended by any subsequent disability, unless the statute so provides."

As stated, this shipment was made in April, 1915, and the act of Congress above cited did not become a law until June 4, 1915, hence this cause must be construed by the law in force at the time the cause of action arose. See 17 R. C. L. 825, and authorities there cited.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.