Note.—See under (1) 13 C. J. p. 180, §119; p. 181, §121; 6 R. C. L. p. 545; 2 R. C. L. Supp. p. 153; 4 R. C. L. Supp. p. 435; 5 R. C. L. Supp. p. 354; 6 R. C. L. Supp. p. 397. (2) 37 C. J. p. 1216; §719; 17 R. C. L. p. 1004. (3) 4 C. J. p. 853, §2834; 2 R. C. L. p. 206; 1 R. C. L. Supp. p. 444; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76.

---

## TIGER v. BROWN et al.

No. 17768. Opinion Filed March 13, 1928.

(Syllabus.)

1. **Limitation of Actions—Petition Showing on Face that Cause of Action Barred Subject to Demurrer.**

Ordinarily, limitation is a matter of defense and must be pleaded, but where a petition on its face shows that the cause of action set out therein is barred by the statutes of limitation, it is not error to sustain a general demurrer thereto.

2. **Same—Statutes of Limitation Applicable to Actions for Recovery of Real Property or to Determine Interest.**

Actions for the recovery of real property or for the determination of any adverse right or interest therein, can be brought only with-

in the periods of time after the cause of action accrues, as prescribed by article 2, chapter 3, C. O. S. 1921, unless a different limitation be provided by statute in a special case.

### 3. Same—Guardian and Ward—Special Statute Applicable to Action to Recover Real Estate Sold by Guardian.

The limitation provided by section 1496, ch. 5, art. 14, under Probate Procedure, C. O. S. 1921, comes within the provisions of section 182, C. O. S. 1921, as a limitation provided in a special case.

### 4. Same—Action by Ward Barred in Three Years After Attaining Majority.

Where a grantee under a guardian's deed, and those claiming under him, have been in continuous possession of real property since the purchase thereof at a guardian's sale, an action by the ward to recover the property, commenced more than three years after the ward had reached his majority, is barred by section 1496, C. O. S. 1921.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by John Tiger against Patrick I. Brown et al. Judgment for defendants, and plaintiff brings error. Affirmed.

George H. Jennings and Wallace & Wallace, for plaintiff in error.

A. K. Little and G. R. Horner, for defendants in error Aetna Life Insurance Company and Gum Brothers Company.

Poe & Lundy, for defendants in error Patrick I. Brown, Clint Lusta, and First National Bank of Tulsa.

MASON, V. C. J. The plaintiff in error, plaintiff below, commenced this action on September 29, 1925, by filing his petition alleging a cause of action against the defendants in error herein. Subsequently, he filed his amended petition alleging that he was the owner and entitled to the immediate possession of certain lands described therein, and that the possession thereof was wrongfully and unlawfully withheld from him by defendants; that said land was allotted to Jacob Tiger, a member of the Creek Tribe of Indians, who died in April, 1903, seized of said land, leaving to survive him the plaintiff as his sole heir; that the plaintiff thereby became, and still is, the owner of said land in fee simple.

Plaintiff further alleged that while he was a minor and the defendant Patrick I. Brown was his guardian, said guardian, for the purpose of defrauding him and obtaining title to said land, procured, on May 24, 1913, an order from the county court of Okmulgee county for the sale of said land; that pursuant thereto, the property was sold to Henry Garwood, Jr., for a consideration of $1,600; that on June 14, 1913, the guardian filed his return of said sale wherein he falsely and fraudulently represented that he sold the land to Garwood and that Garwood had paid him the sum of $1,600, whereas, in fact, Garwood had not paid any consideration whatever.

The plaintiff further alleged that said guardianship sale was void for the reason that said real estate was not appraised prior to the sale; that the pretended appraisement was not executed by the appraisers, and if an appraisement was made, it was made before the appraisers were qualified. It was then alleged that afterwards, on July 14, 1913, Garwood, pursuant to an arrangement theretofore entered into between himself and Brown, executed and delivered to Brown a quitclaim deed to said property for a recited consideration of $1, but in fact, without any consideration, except the arrangement made prior to the guardianship sale that Garwood would convey said property to Brown.

It was also alleged that the plaintiff reached the age of 21 years on September 18, 1921, and that the defendant Brown executed a warranty deed on December 1, 1922, to James Terry; that said deed was without consideration and made with the understanding that Terry would reconvey the same to Brown at a later date.

Plaintiff then alleged that thereafter, on December 11, 1922, he was induced by certain false and fraudulent representations of Brown, which he pleads in detail, to execute and deliver his quitclaim deed covering said lands to Terry.

The plaintiff then pleads that all the defendants had full knowledge and notice of the facts aforesaid, but that, nevertheless, the First National Bank of Tulsa, the Aetna Life Insurance Company, and Gum Brothers Company claim interests and liens on said lands through mortgages executed by Brown; that C. H. Dietrich and C. R. Felton claim an interest in said real estate through a pretended sale of said oil and gas rights in said land made by Brown; that Clint Lusta is in possession as a tenant of Brown; that Brown has received the rents and profits on said land and bonus for oil and gas lease and for royalty to oil and gas on said premises in the sum of $25,000, and that sum is the reasonable rental value of said land during its occupancy by Brown.

The plaintiff then asks judgment against

Brown for $25,000 for rents, profits, and royalties and for possession of the land; he also asks judgment against all the defendants for cancellation of the guardian's deed and all deeds and instruments executed subsequent thereto and that the plaintiff's title be quieted.

To this amended petition the defendants, Brown, Lusta, the First National Bank of Tulsa, Aetna Life Insurance Company, and Gum Brothers Company, filed demurrers. These demurrers were predicated on the following conditions:

(1) That the facts alleged in the amended petition are insufficient to constitute a cause of action against the defendants, or any of them; (2) that the amended petition shows on its face that the action is barred by the several statutes of limitation of the state of Oklahoma, and that the plaintiff cannot maintain the cause of action because of the bar of statutes of limitation appearing on the face of the amended petition; and (3) that the facts stated in the amended petition are wholly insufficient to warrant the court to grant the relief asked by the plaintiff or in granting any relief.

The court sustained each of said demurrers, and the plaintiff elected to stand on his amended petition and declined to plead further. Thereupon, judgment was rendered by the court dismissing plaintiff's action with prejudice, from which this appeal is taken.

The only question necessary for consideration is that of the statutes of limitation. It is urged that the statutes of limitation should have been pleaded and that the trial court erred in sustaining the demurrers of the defendants on these grounds. Ordinarily, limitation is a matter of defense and must be pleaded, but where a petition on its face shows that the cause of action set out therein is barred by the statute of limitation, it is not error to sustain a general demurrer to said petition. Martin v. Gassert, 40 Okla. 608, 139 Pac. 1141; Webb v. Logan, 48 Okla. 354, 150 Pac. 116.

Before discussing the statutes of limitation, however, we desire to again call attention that the validity of two deeds is involved herein, a guardian's deed, executed while plaintiff was a minor, and a deed executed by the plaintiff after reaching his majority. Defendants' claims rest on each of said deeds, so, if either is impervious to attack, it is sufficient to support the title of defendants and the plaintiff cannot recover.

Plaintiff contends that the guardian's deed is absolutely void and that the suit is for cancellation of the latter deed because of fraud, and for that reason the case falls within the provisions of the third subdivisions of section 185, C. O. S. 1921, which provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"First. * * *

"Second. * * *

"Third. Within two years: An action for treaspass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud— the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

In Warner v. Coleman, 107 Okla. 292, 231 Pac. 1053, we held that the foregoing is the applicable limitation statute where equitable remedy such as rescission is pursued to reinvest title in complainant conveyed by deed, where the right to rescind is based on allegations of fraud in the procurement of the deed. Prior to the decision in Warner v. Coleman, there had been some conflict in the decisions of this court on this question, but since the adoption of the opinion in that case this court has adhered to the rule therein announced and recently reaffirmed the doctrine in the case of Tomerlin v. Roberts, 126 Okla. 165, 258 Pac. 1041.

No guardianship deeds were involved in either of those cases, but the deeds were executed by adults, and it must be conceded that if the only thing sought by the plaintiff herein, or necessary to his recovery, was the cancellation of the deed of December 11, 1922, then this case would be controlled by subdivision 3, section 185, supra. But we have a different situation in this case. One of the things deemed necessary by the plaintiffs for his recovery at the time the petition was filed was to have the guardian's deed declared void. The sale by the guardian under order of the county court and the execution of the guardian's deed are alleged in the petition, and plaintiff prays that said deed be decreed to be void. If the deed of December 11th were canceled, still the defendants would be in possession under color of title by reason of the guardian's deed. It is true that if the guardian's deed had not been executed and this suit had been brought to cancel the deed of December 11th for fraud in its procurement, the action would

not be barred because, under the admitted allegations of the petition, the action was commenced within two years after the discovery of said fraud. But does said limitation apply to the cause of action relative to the guardian's deed?

Section 185, together with sections 182, 183 and 184, are parts of the chapter on "Limitations of Actions," and appear under the general heading "Procedure-Civil."

Section 182 provides:

"Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued; but where, in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation."

The last portion of this section makes it very plain that if, in special cases, a different limitation is prescribed by statute, the action shall be governed thereby.

A right of action is given and a limitation provided for the bringing of an action in connection with the sale of real estate by a guardian, by the provisions of section 1496, ch. 5, art. 9, under Probate Procedure, C. O. S. 1921, in the following language:

"No action for the recovery of any estate, sold by a guardian, can be maintained by the ward, or by any person claiming under him, unless it is commenced within three years next after the termination of the guardianship, or when a legal disability to sue exists by reason of minority or otherwise, at the time when the cause of action accrues within three years next after the removal thereof."

This section is specific and the right of action to which the limitation applies relates only to sales of real estate made by a guardian. Said section, therefore, is the applicable limitation statute, and not subdivision 3, section 185, supra. Inasmuch as the plaintiff, under the admitted allegations of the petition, became of age on September 18, 1921, and this action was not commenced until September 29, 1925, or more than three years after the plaintiff became of age, said action was barred and the trial court properly sustained demurrers of the defendants to plaintiff's petition.

The judgment is affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, RILEY, and HEFNER, JJ., concur. CLARK, J., concurs in the conclusion.

Note.—See under (1) 37 C. J. p. 1213, §718; p. 1216, §719; 17 R. C. L. p. 996; 3 R. C. L. Supp. p. 753. (2) 37 C. J. p. 738, §57. (3) 28 C. J. p. 1197, §345. (4) 37 C. J. p. 1022, §425.