## GIVENS v. JONES et al.

No. 20264. Opinion Filed June 28, 1932.

J. S. Severson and T. B. Latham, for plaintiff in error.

Thrift & Davenport, Alvin Richards, F. A. Calvert, T. J. Flannelly, P. B. Mason, and Hughes & Ellinghausen, for defendants in error.

HEFNER, J. Lonie Givens, an incompetent, by her guardian, Charles Follansbee, brought this action in the district court of Creek county against B. B. Jones and others, to recover possession of an undivided 2/9 interest in 40 acres of land, and for an accounting.

Plaintiff alleges that she is a full-blood Choctaw Indian; that she was born June 25, 1904; that she was adjudged incompetent on the 18th day of December, 1922, and Charles Follansbee was appointed her guardian; that she acquired title to the land in question by inheritance from her mother, who was a full-blood Choctaw; that defendant Jones claims title through a guardianship sale and deed, and that the other defendants claim under conveyances executed by him.

Plaintiff further alleges that her land was sold through the probate court of McIntosh county; that the sale is void because of failure to comply with probate rule No. 5 of this court; and for the further reason that personal notice of the sale was not served on the person having custody and control of the minor. Plaintiff attached to her petition exhibits showing that William Givens was appointed her guardian by the county court of McIntosh county in 1916; that he thereafter resigned and Charles Follansbee was appointed in his stead; that, on November 9, 1916, an order was entered by that court authorizing the guardian to sell the land in question. No further proceedings of that court are pleaded by plaintiff. After reciting the above proceedings of the county court of McIntosh county plaintiff in her petition further alleges:

"A certified copy of that portion of the probate proceedings in said probate case that is relied upon and necessary for the court to consider in passing upon the question of compliance with the probate statute and rules of the Supreme Court, is herewith attached and made a part hereof, and the guardian's deed executed under said void probate proceedings is hereto attached and made a part hereof, which shows date of execution and the record thereof in the county clerk's office of Creek county, Okla."

The deed referred to in the petition and attached as an exhibit shows the sale of the land in question through the county court of Creek county. The deed was executed by Choctaw Givens, guardian, in the latter part of December, 1911, and was placed of record on the 16th day of March, 1912. The deed appears regular and valid on its face. The proceedings in the county court of Creek county are not assailed by plaintiff.

The plaintiff further pleads that, since the alleged sale, oil in large quantities was discovered on the land, and asks for an accounting.

The trial court sustained defendants' demurrer to the petition. Plaintiff declined to plead further and judgment was entered in favor of defendants. Plaintiff brings the case here for review and contends that the court erred in sustaining the demurrer.

The petition recites certain proceedings had and taken in the county court of McIntosh county, and alleges that they are void. She then pleads that defendants are in possession under guardian's deed issued out of the county court of Creek county, and attached it to her petition as an exhibit.

An examination of the probate proceeding that is relied upon for the court to consider

shows that a decree was made November 9, 1916, which authorized **William** Givens, guardian of plaintiff, to sell the land in controversy. There are no other proceedings in the matter of **William** Givens, guardian, attached and made a part of this proceeding. The guardian's deed that is attached and made a part of this proceeding shows that it was executed by Choctaw Givens—not William Givens—guardian of plaintiff, on December 27, 1911—not in 1916—and further shows that it was executed pursuant to an order of sale made on November 18, 1911—not 1916—by the county court of Creek county—not McIntosh county—and the sale was had on December 12, 1911, and confirmed by the county court of Creek county on December 27, 1911; and the order was recorded in the office of the register of deeds of Creek county on March 16, 1912.

It is alleged that the deed was made pursuant to a void proceeding had in McIntosh county on November 9, 1916. Upon examination, however, it shows to have been made by the county court of Creek county on November 18, 1911. The Creek county deed executed by Choctaw Givens shows the date of petition, order of sale, notice of sale, the sale, and the confirmation thereof to be regular. The deed, itself, is regular on its face and shows that the land in controversy was conveyed to B. B. Jones more than 4 years prior to the time the proceedings in McIntosh county are alleged to have occurred. Since the proceedings in Creek county are shown to be regular, in so far as they are included in the record, those not so included are presumed to be regular. The proceedings are nowhere attacked on the ground of fraud. Under the record, the Creek county proceeding in the matter of Choctaw Givens, guardian, is a bar to recovery by plaintiff.

The defendants in error contend that it affirmatively appears upon the face of the petition that plaintiff's cause of action, if any she had, was barred by both the 3-year statute of limitations provided by section 1496 and the 2nd subdivision of section 183, C. O. S. 1921, and a general demurrer to the petition was therefore properly sustained. With this contention we agree. The petition discloses that the plaintiff was a female and was born on June 25, 1904. She became of age in June, 1922. The guardian's deed attached to plaintiff's petition shows on its face that it was recorded on March 16, 1912, about 16 years before this action was commenced, and about 6 years had elapsed after she had reached her majority before this action was filed. Section 1496, supra, provides:

"No action for the recovery of any estate, sold by a guardian, can be maintained by the ward, or by any person claiming under him, unless it is commenced within three years next after the termination of the guardianship, or when a legal disability to sue exists by reason of minority or otherwise, at the time when the cause of action accrued, within three years next after the removal thereof."

The second subdivision of section 183, supra, is as follows:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter. * * *

"An action for the recovery of real property sold by executors, administrators or guardians upon an order or judgment of a court directing such sale, brought by the heirs or devisees of the deceased person, or the ward, or his guardian, or any person claiming under any or either of them, by the title acquired after the date of the judgment or order, within five years after the date of the recording of the deed made in pursuance of the sale."

The petition and the deed attached thereto disclose that the statutes above quoted are applicable thereto, and the cause of action is barred unless there is some fact which will avoid the bar of the statutes.

While limitation, as a general rule, is a matter of defense, it has often been held that, where the petition shows on its face that the action is barred, the question of limitation may be raised by general demurrer. Tiger v. Brown, 130 Okla. 83, 265 P. 124; Fabric Fire Hose Co. v. Afton, 95 Okla. 298, 219 P. 680.

Plaintiff urges that the statute does not apply to a void guardian's deed, nor to a full-blood Indian in respect to its inherited lands The plaintiff was adjudged an incompetent on December 18, 1922, and a guardian was appointed for her at that time, and before the three-year statute, provided by section 1496, supra, had run. It is contended that this adjudication tolled the statute. She became of age in June, 1922, and the three-year statute began to run at that time and before she was adjudged an incompetent. To bring a party within the exceptions of a statute, disabilities cannot be tacked one upon another. The party claiming the benefit of a disability can only avail himself of the existing disability when the right of

action first accrues, unless the statute provides otherwise. In the case of Overstreet v. W. F. & N. W. Ry. Co., 73 Okla. 191, 175 P. 354, this court said:

"As a general rule, the disability which arrests the running of a statute must exist at the time the right of action accrues, and the statute having once attached, the period will continue to run, and will not be suspended by any subsequent disability, unless the statute so provides."

When plaintiff became of age in June, 1922, the statute was set in operation, and, since our statute does not so provide, the fact that she, at a later date, was declared an incompetent and a guardian was appointed for her did not suspend the running of the statute.

Plaintiff next urges that the statute of limitation does not run against a void deed. That question has so many times been decided by this court against the contention of plaintiff that it is no longer an open question in this state. The statutes of limitation provided in section 1496 and 2nd subdivision of section 183, C. O. S. 1921, apply regardless of whether the guardian's deed was valid, void, or voidable. This question was first considered by this court in 1913 in the case of Dodson v. Middleton, 38 Okla. 763, 135 P. 368, and has been uniformly followed since that time. Group v. Jones, 44 Okla. 344, 144 P. 377; Fulp v. Squires, 77 Okla. 224, 187 P. 921; Glory v. Bagby, 79 Okla. 155, 188 P. 881; Wray v. Howard, 79 Okla. 223, 192 P. 584; Mehard v. Little, 81 Okla. 1, 196 P. 536; Tiger v. Brown, 130 Okla. 83, 265 P. 124; Stolfa v. Gaines, 140 Okla. 292, 283 P. 563.

Even if the proceedings disclosed that the guardian's deed was void, this action could not be maintained unless the fact that the plaintiff is a full-blood Indian will avoid the bar of the statute. The plaintiff contends that it does. That contention has also been decided against plaintiff by this court. It must be kept in mind that the petition does not allege violation of any federal statute in making the sale. The grounds relied upon are an alleged failure to comply with Supreme Court Rule No. 5, and a failure to give a notice of sale as provided by Oklahoma Probate Code.

All restrictions from alienation of inherited lands were removed by section 9 of the Act of Congress of May 27, 1908. The question of whether limitation would run against a full-blood Indian minor heir in relation to its inherited land—not its allotted land—was first considered by this court in 1925, in the case of Dierks v. Isaac, 114 Okla. 158, 244 P. 750. It is there said:

"It is the contention of attorneys for plaintiffs, however, that the plaintiffs being full-blood Choctaw Indian minors, and having inherited full-blood Indian lands, were restricted Indians as to such inherited lands under the provisions of section 9 of the Act of Congress of May 27, 1908, which reads as follows:

" 'That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land; provided, that no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee.'

"In Harris v. Bell, 254 U. S. 103, the Supreme Court of the United States held:

" 'That the proviso of section 9 requiring the approval of conveyances by the county court having jurisdiction of the estates of deceased allottees does not apply to full-blood Indian minors, and that the provision of section 6 giving the county court jurisdiction of the person and estate of all Indian minors is the only provision applicable to such Indian minors.' * * *

"It, therefore, appears to be well settled that the inherited lands of such heirs were not restricted and they were not personally restricted as to such inherited lands under the proviso of section 9. The only personal restrictions upon such full-blood Indian heirs are the same as those upon other minors of Oklahoma without regard to Indian blood. This court has held that inherited lands of full-blood Indians were freed of all restrictions under the first provision of section 9 of the Act of Congress of May 27, 1908, and that, at most, the proviso to that section was a personal restriction upon full-blood Indian heirs, and not a restriction upon the land, and that the only restriction imposed by said proviso on full-blood Indian minor heirs was that the probate courts should approve the conveyance as that court is required to do in all guardian sales regardless of the blood of the minor. That being true, it necessarily follows that the statute of limitation that applies to attacks on guardian's sales as to all minors applies to the full-blood minor heirs in relation to their inherited lands."

In the case of Harjo v. Empire Gas & Fuel Co., 28 Fed. (2d) 596, decided September 21, 1928, the Circuit Court of Appeals had before it the right of a full-blood Indian to avoid the bar of the statute of limitations of the state of Oklahoma, or the effect of laches, in an action involving a deed claimed to be void or voidable on grounds other than a

violation of governmental restrictions. That court said:

"The equities of this case as to the cross-petition are not with appellants. The Oliver deed was not a void deed, as it was properly approved by the county court of Seminole county. If it was secured by fraud, it was voidable at the option of the defrauded party. Title would pass subject to the grantor's right to defeat it. 18 C. J. sec. 175. The deed being approved, as provided by law, the Indians as to the question of setting the same aside on the ground of fraud were in no different position than a white person would be, and the right to attack the deed for fraud could be lost by laches or the statute of limitations. Schrimpscher v. Stockton, 183 U. S. 290, 46 L. Ed. 203; Felix v. Patrick, 145 U. S. 318, 36 L. Ed. 719. This is not a situation where a transfer of Indian lands is void because of violation of government restrictions. Hence it does not present an attempt to circumvent the federal statutes by divesting title by a stipulation in court."

There is no allegation that the deed is void because of violation of government restrictions. The allegation is that the laws of Oklahoma, in connection with probate sales, had been violated. In the case at bar there is no attempt to circumvent federal statutes. We can hardly see how there could be such an attempt for the reason that Congress, by the Act of 1908, removed all restrictions from the inherited lands, as has been hereinbefore pointed out, and the laws of Oklahoma were made applicable to sales of land of this character as fully and to the same extent as if the claimant had no Indian blood.

It has been the announced law in this state, since the adoption of the Dierks-Isaac opinion in 1925, that the statutes of limitation, in relation to guardians' sales, apply to full-blood minors in relation to their inherited lands the same as to persons who are minors and not of Indian blood. Doubtless many transactions have been consummated, and attorneys examining abstracts in such transactions, and the bar generally, have followed and relied upon the rule announced in that case as the settled rule of law in this state, and we still adhere thereto.

Under the record, the trial court was correct in sustaining the demurrer to the petition, and its judgment in so doing is affirmed.

CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.