### DEERE v. GILMORE et al.

No. 20125. Opinion Filed July 19, 1932.

Orr & Woodford, for plaintiff in error.

Wimbish & Wimbish, for defendants in error.

HEFNER, J. This is an action brought in the district court of Hughes county by Bessie Deere against Sarah A. Gilmore and others, to recover possession of and quiet title to a certain tract of land situated in that county. Trial court sustained a demurrer to plaintiff's petition, and entered judgment dismissing her cause of action. Plaintiff has assigned this ruling as error.

She is a full-blood Creek Indian and claims title to the land as the sole heir at law of her mother, Katie Deere, deceased. The land in question originally constituted the allotment of Katie Deere, who was also a full-blood Creek Indian. Plaintiff was a minor at the time of the death of her mother and reached her majority sometime during the year 1916. On November 12, 1909, on the application of Eliza Gray, grandmother of plaintiff, John Pusley was appointed plaintiff's guardian. Plaintiff's father was living at that time and residing in Hughes county. On application of the guardian, the land in question was sold through the county court of Hughes county, and on January 28, 1913, a guardian's deed was issued therefor to John Boxley, which deed was recorded December 1, 1913. Boxley thereafter conveyed the land to defendant Sarah Gilmore. These facts all appear from the allegations of plaintiff's petition.

Plaintiff further alleges that the guardian's sale is void for the reason: First, that no notice of the appointment of a guardian was personally served upon the father of plaintiff; second, that no notice was served upon the father of plaintiff to show cause why an order of sale for the land should not be issued, as provided by section 1472, C. O. S. 1921; and third, that no consideration was paid for the land at the time of the sale, nor was any consideration paid until about one year after the confirmation of the sale and execution of the guardian's deed.

In her reply brief, plaintiff admits that section 1472, supra, was not in effect at

the time of the sale, and therein abandons such ground for setting aside the deed.

She, however, insists that the guardian's sale is void for the reason that no notice of appointment of a guardian was served upon her father. It is her contention that the court was without jurisdiction to make the appointment. Her mother was dead, and her grandmother, who had the care and custody of her, made application for the appointment of the guardian and requested that John Pusley be appointed her guardian. The guardian was not appointed without notice to the person who had the care and custody of the minor.

It is also insisted by plaintiff that the sale was void for the reason that no consideration was paid for the land at the time of the sale.

Defendant urges that plaintiff's cause of action, if any she had, is barred by the statute of limitation. With this contention we agree. Plaintiff became of age in 1916; this action was begun on February 24, 1928, about 12 years after she became of age, and about 14 years after the recording of the guardian's deed. The action is, therefore, barred. Dodson v. Middleton, 38 Okla. 763, 135 P. 368; Group v. Jones, 44 Okla. 344, 144 P. 377; Fulp v. Squires, 77 Okla. 244, 187 P. 921; Glory v. Bagby, 79 Okla. 155, 188 P. 881; Wray v. Howard, 79 Okla. 223, 192 P. 584; Tiger v. Brown, 130 Okla. 83, 265 P. 124; Stolfa v. Gaines, 140 Okla. 292, 283 P. 653; Givens v. Jones, 158 Okla. 124, 12 P. (2d) 892.

Plaintiff also contends that the statute does not run against her for the reason that she is a full-blood Indian heir. This contention has been decided against her in the recent case of Givens v. Jones, supra. The authorities on this question are collected and cited in that case, and we do not deem it necessary to further discuss this question as these authorities are decisive against the contention of plaintiff.

The judgment is affirmed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. RILEY, J., dissents. CLARK, V. C. J., and McNEILL, J., absent.