## SMITH v. STATE INDUSTRIAL COMMISSION et al.

No. 27922. March 8, 1938.

Rehearing Denied April 5, 1938.

Application for Leave to File. Second Petition for Rehearing Denied April 17, 1938.

John T. Cooper, for petitioner.

Orbie E. Silers and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by W. H. Smith, hereafter referred to as petitioner, by his guardian and next friend, Alice E. Friend, to obtain a review of an order of the State Industrial Commission which denied his claim for compensation against L. D. Smith and the State Insurance Fund, hereafter referred to as respondents, unless a more explicit designation is required.

The essential facts will be briefly stated. Petitioner for some time prior to March 16, 1935, had been in the employ of his brother, the respondent L. D. Smith, and engaged in working on a pipe line. On the above-mentioned date petitioner was engaged in planting shrubbery and in cleaning up rubbish in the yard surrounding his brother's residence until about 4:30 p. m., at which time he was directed to go to the office, where his employer conducted the pipe line business, which was located in the rear of his residence, and to watch said office until his employer should return from a trip to town. The employer upon his return from town found a number of his employees awaiting him in an angry mood and demanding their pay; in an altercation ensuing one of these employees threw a chain tong at L. D. Smith, but missed him and struck petitioner on the head and rendered him unconscious. As a result of this injury the petitioner was rendered incompetent to transact any business. Employee's first notice of injury and claim for compensation was not filed with the State Industrial Commission until September 10, 1936. The employer never filed a report of the accident, and his insurance carrier, State Insurance Fund, as a defense to the claim, pleaded the bar of the statute (section 13367, O. S. 1931, as amended by section 4, chapter 29, S. L. 1933). The petitioner thereupon pleaded that he was an incompetent, and therefore not barred from presenting his claim by reason of the provisions of section 13399, O. S. 1931. The petitioner was subsequently adjudicated an incompetent and the evidence in the record clearly establishes the fact of his incapacity from and after his injury, and the respondents do not seriously contest such claim.

The commission, after hearing the evidence adduced by the respective parties, made the following findings of fact:

"(1) The claimant alleges that on the 16th day of March, 1935, he was in the employment of the respondent, and that said employment was a hazardous occupation as defined by the provisions of the Workmen's Compensation Law, and the claimant further alleges that on said date. that he sustained an accidental personal injury arising out of and in the course of his employment with the respondent herein.

"(2) The commission further finds, 'that it was stipulated by and between the parties herein, that if the claimant was in the employment of respondent that day, that the only employment he did was in the flower garden, that the only work he did that day was in the flower garden. That's all.'"

Upon consideration of the foregoing findings, the commission was of the opinion that the petitioner was engaged in horticulture, a nonhazardous occupation under the provisions of section 13349, O. S. 1931, when he received his injury. and for this assigned reason denied compensation.

The petitioner assigns eight specifications

of error and illegality in said order, and presents them under two contentions which in substance are: First, the order is unsupported by any competent evidence; and, second, the order is contrary to law and against all of the evidence. The contentions thus made really blend themselves into one, that is, Did petitioner's injury arise out of and in the course of his employment? In support of the claim that it did, petitioner cites and relies upon the cases of Indian Territory Illuminating Oil Co. v. Crow, 147 Okla. 229, 296 P. 451; Motor Equipment Co. v. Stephens, 145 Okla. 156, 292 P. 63; Okla.-Ark.-Tel. Co. v. Fries, 128 Okla. 295, 262 P. 1062; Pawnee Ice Cream Co. v. Cates, 164 Okla. 48, 22 P.2d 347; Stasmos v. State Industrial Commission, 80 Okla. 221, 195 P. 762; Willis v. State Industrial Commission, 78 Okla. 216, 190 P. 92. The extent and the effect of the decisions cited, as well as of a number of others which are not cited, is reviewed and discussed in the case of Stanolind Pipe Line Co. v. Davis, 173 Okla. 190, 47 P.2d 163; and also in the case of Oklahoma Gas & Electric Co. v. Stout, 179 Okla. 312, 65 P.2d 477.

It will be observed from an examination of the above cases that therein the rule is merely reiterated that when an employee, whose duties are chiefly manual and mechanical, receives an accidental personal injury arising out of and in the course of his employment, while engaged in an occupation defined as hazardous by section 13349, O. S. 1931, he is entitled to compensation for resulting disability. If the facts involved are not in dispute, then the question becomes one of law. Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 P. 491; Farmers' Gin Co. v. Cooper, 147 Okla. 29, 294 P. 108.

As in the case of Indian Territory Illuminating Oil Co. v. Lewis, 165 Okla. 26, 24 P.2d 647:

"Before a claimant is entitled to an award of compensation under the Workmen's Compensation Law of this state, he must sustain by competent evidence the burden of proving that the injury complained of was accidental, and that it arose out of and in the course of his employment.

"An injury does not arise out of the employment within the meaning of the Workmen's Compensation Law of this state, unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."

And as further pointed out in the case of Chicago Pneumatic Tool Co. v. McGrew, 178 Okla. 439, 63 P.2d 749:

"An injury 'arises out of' the employment when it results from a risk reasonably incident to the employment (Natol v. Booth & Flinn Co., 139 Okla. 103, 281 P. 264); and an injury is received in the course of employment when it comes while the workman is doing the duties which he is employed to perform (Consolidated Pipe Line Co. v. Mahon, 152 Okla. 72, 3 P.2d 844)."

From what has heretofore been said it is apparent that in the case now under review the petitioner conclusively established the fact that he was engaged as a manual and mechanical worker in an employment defined as hazardous by the Workmen's Compensation Law; that he was temporarily diverted to do work outside of his employment and that he then returned to the service of his master in the employment in which he was engaged, and that he was injured while in the performance of duties incident to and connected with the hazardous business of his employer. It is not the particular act of the employee which controls his right to compensation, but the nature of the employment in which he is engaged. As said in Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P.2d 846:

"When the work of an employee is manual or mechanical and is connected with, incident to, and an integral part of, a business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law, such employee is both protected and bound by the provisions of said act notwithstanding the fact that such work may be performed in a room or place or under conditions not inherently hazardous."

See, also, Pemberton Bakery v. State Industrial Commission. 180 Okla. 446, 70 P.2d 98; Wallen v. Carriker, 180 Okla. 445, 70 P.2d 100; McGeorge Corporation v. State Industrial Commission, 180 Okla. 346, 69 P.2d 320. The mere fact that the petitioner had been diverted from his usual work and placed in the work of planting shrubbery and cleaning up the yard of his employer no more made him a horticulturist than a single swallow makes a summer; and furthermore the evidence wholly fails to establish any connection whatever between the work done in planting shrubbery and cleaning up the yard and the resulting injury; but, on the contrary, clearly establishes the fact that the injury arose out of and

in connection with petitioner's employment in the hazardous business of his employer. The finding of the commission that the petitioner was engaged in horticulture at the time of his injury is entirely unsupported by any competent evidence whatsoever, and the order of the commission denying compensation under the circumstances constitutes a clear error of law. In view of this conclusion, we deem it unnecessary to discuss the matter further.

The order of the commission is, therefore, vacated with directions to conduct such further proceedings as may be necessary to consider the claim of the petitioner and to make such findings and award as the evidence and the law may require, consistent with the views herein expressed.

Order vacated.

OSBORN, C. J., and RILEY, CORN, GIBSON, and DAVISON, JJ., concur.