UNITED BRICK & TILE COMPANY, and
The Fidelity and Casualty Company of
New York, Petitioners,

v.

Walter W. ROY, an Incompetent, by and
through his Guardian, Alice Cathy Roy;
and the State Industrial Court of the State
of Oklahoma, Respondents.

No. 38759.

Supreme Court of Oklahoma.

July 19, 1960.

Rehearing Denied Sept. 13, 1960.

Application for Leave to File Second Petition
for Rehearing Denied Nov. 1, 1960.

Elliott C. Fenton, Fenton, Fenton, Smith & McCaleb, Oklahoma City, for petitioners.

Stubbs & Douglas, Charles W. Stubbs, James Douglas, James H. Harrod, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

Claimant obtained a compensation award for permanent total disability due to industrial blindness in both eyes. The accident, which allegedly gave rise to the injury, occurred on October 15, 1956, at petitioner's plant in Oklahoma City, when claimant, then 71 years of age, was performing night duty. Struck on the head by a steel brick conveyer, he was knocked down and became dizzy and addled for a few minutes. The left lens of his eye glasses was shattered and a fragment lodged in the forehead causing a laceration above the left eyebrow.

The present proceeding was initiated on May 9, 1958, when employee's first notice of injury and claim for compensation was filed. On November 24, 1958, the County Court of Oklahoma County declared claimant to be a mentally incompetent person and appointed his wife as guardian. Letters of guardianship were issued to her on December 19, 1958, and on December 22nd of that year she made her appearance on behalf of claimant in the instant proceeding by filing "an amended claim."

Petitioner asserts the claim was barred by the provisions of 85 O.S.1951 § 43, under which the right to seek compensation is limited to a period of one year after the injury. Claimant relies on 85 O.S.1951 § 106, which provides as follows:

"No limitation of time provided in this act shall run as against any person who is mentally incompetent or a minor dependent so long as he has no committee, guardian or next friend."

The trial judge found claimant became mentally incompetent on or about January 1, 1957, or nearly three months after his accidental injury, and that, since he did not have a guardian until the appointment of Mrs. Roy on December 19, 1958, the instant claim was timely instituted.

█ It is argued that there is an entire absence of evidence to support the finding of the trial tribunal as outlined above. We disagree.

In his testimony, Dr. B gave the following opinion relative to claimant's mental condition: (a) he was affected by senile mental changes; (b) he had nystagmus—described as a twitching of the eyes—a symptom associated with brain injury damage and a derangement; (c) child-like atti-

tude and impairment of memory; (d) generalized arteriosclerosis. The physician further related that this condition had existed since early in 1957. The evidence so given stands uncontradicted. Petitioner offered no expert testimony to dispute these findings.

■ Where the issue of whether the statute of limitation has been tolled or waived depends upon a question of fact, and the trial tribunal has heard evidence thereon, its finding on such issue will not be disturbed on review when based on testimony reasonably tending to establish the factual determination made. Logan County v. York, Okl., 270 P.2d 968; Determan v. Wilson & Co., Okl., 304 P.2d 1060; Cupit v. Dancu Chemical Co., Okl., 316 P.2d 593.

We find the testimony in this cause amply sufficient to sustain the finding that claimant became mentally incompetent approximately three months following his accidental injury.

It is next argued that the quoted provisions of 85 O.S.1951 § 106, are inapplicable to this cause because claimant's mental incompetency commenced after the accident and was not present at the accrual of the right to claim compensation.

■ Petitioner cites 34 Am.Jur., "Limitation of Actions", sec. 203, which states the rule, also obtaining in this jurisdiction that, barring specific statutory language to the contrary, the legal disability which tolls the statute of limitations must exist at the time when the right of action accrues. The statute, having once attached, continues to run and will not be suspended by subsequent incapacity. While this is true under the general statute of limitations contained in the civil code (12 O.S.1951 §§ 94 and 96; Givens v. Jones, 158 Okl. 124, 12 P.2d 892) the cited provisions have no application to claims arising under the Workmen's Compensation Act. In this connection, notice Smith v. State Industrial Commission, 182 Okl. 433, 78 P.2d 288.

■ Under 85 O.S.1951 § 106, when a workman becomes mentally incompetent within the period allowed for the filing of claims under 85 O.S.1951 § 43, the limitation of time provided therein is thereafter arrested, remains suspended and ceases to run from the commencement of such mental incapacity until a guardian is appointed. Smith v. State Industrial Commission, 182 Okl. 433, 78 P.2d 288.

The State Industrial Court correctly found that, under sec. 43, supra, the subject claim did not become barred one year after the accident.

Petitioner next asserts there is no competent evidence to support the findings that the disability for which benefits were awarded resulted from claimant's accidental injury.

■ The medical testimony was in dispute. For claimant, Dr. B unequivocally deposed that the traumatic injury to the head produced claimant's bilateral optic atrophy which in turn precipitated loss of vision. He stated on cross-examination that optic atrophy could also be the result of glaucoma which is frequently precipitated by trauma to the head and a variety of diseases behind the eyeball, causing neuritis of the optic nerve (of which syphilis and tuberculosis were mentioned as the most noteworthy). The tenor of his testimony excludes any of the mentioned disease processes as the causative factor of claimant's condition. Dr. L, on behalf of petitioner, stated that in his opinion, the blindness was produced solely by glaucoma, whose presence he had "suspected" on claimant's previous eye examinations, the earliest of which occurred in 1945. He admitted, however, that he had not made this diagnosis until after the accidental injury in question. When asked on cross-examination whether the blow received by claimant "aggravated the old condition producing loss of vision", Dr. L detailed that it was "practically impossible to say that it did or did not aggravate it," but in his opinion had "little if no bearing on it." Whether the disability for which benefits are sought resulted from a prior progressive pathology alone, or constituted an aggravation of a pre-existing disease process,

or was caused solely by the independent compensable injury, is a question of fact for the determination of the State Industrial Court, whose finding on such issue will not be disturbed on review if resting on competent evidence reasonably tending to support it. Tillery & Jones v. Sigler, Okl., 265 P.2d 484; Skelly Oil Co. v. State Industrial Commission, Okl., 311 P.2d 810.

The testimony of Dr. B is challenged as lacking probative value because based on inaccurate and incomplete history. Petitioner cites Acme Flour Mills v. Bray, 185 Okl. 516, 94 P.2d 828, and Western Good Roads Service Co. v. Coombes, 185 Okl. 599, 95 P.2d 633, which hold, in effect, that where it is necessary to establish disability by medical testimony, the physician's opinion must be predicated upon a substantially correct history of the case. In the Acme case claimant had concealed from his physician a diseased condition which he admittedly knew to have existed. In the Western Good Roads Service Co. case claimant had given his physician a history of the accident materially different from the facts which were developed at the hearing. In both cases there was a fatal variance between the history assumed by the medical expert and that which the proof adduced.

In the present case there was no discrepancy between the facts of the accident adduced in evidence and those given to the physician. Neither was any information of "suspected" past eye pathology withheld from Dr. B, as claimant did not have, nor could he have had, any knowledge of Dr. L's belated diagnosis of pre-existing glaucoma. Dr. B's opinion relative to causation, we note, was based to an appreciable degree, if not entirely, upon his own extensive examination of the patient. On cross-examination of this physician counsel for petitioner had full opportunity to develop all such facts as were deemed favorable and comformable to his theory. This he did not do. Moreover, there is nothing in the deposition of Dr. L to indicate that the details, which petitioner contends Dr. B did not assume, formed a material part of the history and that Dr. B's opinion would have been different from that given had he considered such facts. See Tillery & Jones v. Sigler, supra; Skelly Oil Co. v. State Industrial Commission, supra.

 When the medical testimony is in dispute, this court will not weigh conflicting evidence to determine where the preponderance lies.

There is competent evidence to support the finding of the State Industrial Court that claimant's traumatic injury to his head resulted in bilateral optic atrophy which in turn caused the loss of vision. Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, JACKSON and BERRY, JJ., concur.