81 F.3d 172
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harold Dean HORNSBY, Plaintiff-Appellant,
v.
Mike BAKER, Benjamin Chapman, Steve Whittle, and Vernon
Hogue, Defendants-Appellees.
 No. 95-5249.
 United States Court of Appeals, Tenth Circuit.
 March 25, 1996.
 
 Before BRORBY, EBEL, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Appellant Harold Hornsby appeals the district court's dismissal of an action brought pursuant to 42 U.S.C. Section 1983 on the grounds that the action is barred by Oklahoma's two-year statute of limitations for personal injury actions. Appellant now argues that the court: (1) erred in selecting Oklahoma's two-year statute of limitations for alleged personal injury actions over Oklahoma's five-year statute of limitations for breaches of contract; and (2) erred in not tolling the statute of limitations while Appellant is incarcerated. For the reasons stated below, we AFFIRM.[2]
 
 
 2
 In his pro se complaint, Appellant alleges that in September of 1990, Appellees conspired to fire him from his job as a Tulsa fire fighter on the grounds of a felony conviction, even though he had no felony conviction at the time. He seeks declaratory, injunctive, and monetary relief. The district court determined that Appellant's claim arose in September 1990 when Appellant was terminated from his job. The court then noted that Oklahoma's statute of limitations for a personal injury action is two years and accordingly barred Appellant's 1995 action. The court also determined that Oklahoma law does not toll civil lawsuits filed by prisoners.
 
 
 3
 We agree that the court correctly applied a two-year statute of limitations here. Section 1983 actions are best characterized as injuries to personal rights and, accordingly, we borrow the state statute of limitations period for personal injury actions. Reynolds v. School Dist. No. 1, Denver, Colo., 69 F.3d 1523, 1532 n. 12 (10th Cir.1995). Such actions brought in Oklahoma are subject to a two-year statute of limitations. 12 Okl.St.Ann. 95(3d).
 
 
 4
 Furthermore, the statute of limitations did not toll while Appellant was in prison. He argues that he operates under a legal disability while in prison which tolls any statute of limitations under the state's general tolling provision, 12 Okl.St.Ann. 96. Even if we assume that Oklahoma considers individuals who are legally incarcerated to be disabled, the tolling statute would not apply here. Section 96 tolls the statute of limitations when a person is under a legal disability "at the time the cause of action accrued." Here, Appellant was not incarcerated at the time his cause of action accrued so, accordingly, the statute of limitations does not toll while he is in prison.[3] See Givens v. Jones, 12 P.2d 892 (Okl.1932) (holding that once the statute of limitation attaches, the period continues to run without suspension by any subsequent disability).
 
 
 5
 We therefore AFFIRM the decision of the district court for the reasons stated above. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 We find Section 96 inapplicable to Appellant's claim solely on the grounds that his cause of action accrued prior to his incarceration and do not decide the question of whether being incarcerated qualifies an individual as being under a disability for purposes of Section 96