## GLORY v. BAGBY et al.

No. 9577—Opinion Filed Feb. 24, 1920.

Rehearing Denied April 6, 1920.

Application to File 2nd Petition for Rehearing Denied Sept. 9, 1920.

(Syllabus by the Court.)

**1. Guardian and Ward—Indians—Sale of Minor's Estate—Fraud—Validity of Sale.**

Where parties procure a three-fourths Cherokee Indian to be appointed guardian of his minor child, for the purpose of having the guardian to sell the estate of his ward, and said estate is sold at guardian's sale and the sale confirmed by the county court, and a deed is executed and delivered to the purchaser and no part of the purchase price has been paid, such facts constitute a fraud upon the estate of the ward and the sale may be set aside in an action by the ward against the purchaser, or any other person who acquires rights in said land with knowledge or notice of such fraud.

**2. Same — Guardian's Sale — Prerequisites to Confirmation—Appraisement and Bids.**

The provision of the statutes (Rev. Laws 1910, section 6384) which provides that no sale of lands of minors at private guardianship sale shall be confirmed where the bid is not 90 per cent. of the appraised value, or where there has been no appraisement of such lands within a year prior to the sale, is mandatory, and goes to the jurisdiction of the court to make the order of confirmation. Where an order of confirmation of such a sale is made in violation of such provision, the order of confirmation is void for want of jurisdiction.

**3. Indians — Cherokee Allotment — Descent and Distribution.**

Joe Glory, a citizen of the Cherokee Nation of seven-eighths degree Indian blood, after receiving his allotment, died in September, 1902, without descendants, leaving no wife, no mother, no sister, but left surviving him his father and one brother, both citizens of the Cherokee Nation. Held, the land ascended equally to his father and to his brother, each receiving a one-half interest in the same.

**4. Guardian and Ward—Guardian's Sale—Action by Ward to Set Aside for Fraud—Limitations.**

Where a minor's property has been sold at a void or fraudulent guardian's sale, and a guardian's deed executed and filed of record, and such grantee and those claiming under him remain continuously in possession thereof thereafter, the minor's cause of action is not barred by reason of subdivision 2, section 4655, Rev. Laws 1910, within five years after the recording of the deed, but by virtue of section 4656, Rev. Laws 1910, the minor may begin an action to set aside said sale at any time prior to two years after his legal disability is removed.

Error from District Court, Washington County; R. B. Boone, Judge.

Action by Mose Glory, a minor, by his next friend, C. F. Bliss, against Oliver Bagby and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Rowland & Talbott and C. F. Bliss, for plaintiff in error.

W. H. Kornegay, for defendants in error.

McNEILL, J. This proceeding was commenced April 22, 1915, in the district court of Washington county by Mose Glory, a minor, by his next friend, C. F. Bliss, to set aside a guardian's deed and an order of the county court of Cherokee county confirming the sale of said minor's land, for the reason the sale was void and fraudulent, and to recover possession of said land and for an accounting for oil and gas royalties taken from the land, situated in Washington county. The petition alleged that the plaintiff was a minor and a citizen of the Cherokee Nation; that Joe Glory was a citizen of the Cherokee Nation and was allotted the land in question, and died September 18, 1902; that he left as his sole and only heirs, Charley Glory, his father, and this plaintiff, his brother; that an administrator was appointed in the county court of Cherokee county of the estate of Joe Glory, deceased, and that in April, 1908, the estate was closed and the court determined the devolution of said estate and decreed a life estate to the father, to wit, Charley Glory, and the fee interest in the remainder to this plaintiff; that thereafter said Charley Glory was appointed guardian of said plaintiff's estate and filed a petition to sell the plaintiff's fee title in said land inherited from Joe Glory, subject, however, to the life estate of Charley Glory, which had been sold. The different proceedings of the county court of Cherokee county are set out in the petition, and the same disclosed that the interest of the plaintiff in said land, which was described as a fee estate, subject to the life estate of Charley Glory (who was 27 years of age), was duly appraised at $1,500; that the land was advertised to be sold at public sale, but that thereafter an order was made directing that the guardian sell said land at private sale, and that on the 15th day of June, 1909, Charley Glory, as guardian, sold the land at private sale to J. S. Thomason for $800; that a return was made of said sale, and the sale approved by the county judge of said county court on the 7th day of July, 1909; that on the 8th day of July, 1909, the guardian executed a deed to said land to J. S. Thomason, which deed was filed for record August 2, 1909.

The petition alleges the sale was void for two reasons: First, because the land was sold at private sale and did not bring 90 per cent. of the appraised value. Second, the substance of the allegations is that John S. Thomason, who purported to purchase said land, practiced a fraud upon the court by not paying any of the purchase price, and that the appointment of Charley Glory as guardian was for the purpose of having the land sold with the intent to acquire the land without paying any of the purchase price of the same, thereby defrauding the minor out of his estate.

The defendants filed a demurrer. One of the grounds of demurrer was that the plaintiff's cause of action was barred by the statute of limitations. The demurrer was overruled, and the defendants filed their answer and again pleaded the statute of limitations. Upon the trial of the case the court made no special findings of fact, but found the issues in favor of the defendants and against the plaintiff.

It appears from the record that there were two trials of the case. The case was first tried before District Judge R. H. Hudson, and after the case was submitted to him it was taken under advisement by the judge and, without rendering a decision in the case, said R. H. Hudson resigned as district judge. While the case was pending before Judge Hudson, and before a decision was rendered, J. S. Thomason died, and the case was revived in the name of his administratrix. By stipulation of the parties the case was submitted to Judge Boone, the successor of Judge Hudson, upon the evidence taken before Judge Hudson.

Plaintiff in error, for reversal of said cause, argues that the case should be reversed for two reasons: First, that the finding of the court that the guardian's deed was not obtained fraudulently is clearly against the weight of the evidence; second, that the land was sold at private sale by the guardian for less than 90 per cent. of the appraised value thereof, therefore said sale was void. In support of the contention that the sale was fraudulent, that no money was ever paid by the purchaser to the guardian, the plaintiff produced the guardian, Charley Glory, who was a three-quarters Cherokee, as a witness, who testified in substance that he and his brother had sold the land in question in May, 1906, to Jesse T. Blair; that thereafter Jesse T. Blair sold the land to some party at Vinita, Oklahoma; that some one from Vinita, who purported to represent the party purchasing the property from Blair, called upon the witness Glory and told him they would have to straighten out the title

to the land and for him to be appointed guardian of plaintiff; that witness and Blair went to Tahlequah and went to the office of Ewers and McKinley, attorneys, and they advised witness what would have to be done; that guardianship proceedings were started and witness was appointed guardian, and he, as guardian, did what he was requested to, and signed whatever papers he was requested to sign; that at the date the land was sold he was in Tahlequah and was advised that the minor, or plaintiff in this case, had no interest in the land; that at said time there was present the attorneys and Mr. Thomason, the purchaser, and they presented numerous papers for him to sign, all of which he signed, and Thomason gave him $20 and told him that would pay his expenses. Witness admitted on cross-examination that he had signed his name to a check in the sum of $720, but he stated positively that he never received any money on the check. The check was made payable to Charley Glory, guardian of Mose Glory, dated, as the record discloses, July 7, 1919 (but perhaps that date is an error and should be July 7, 1909), and was indorsed: "Paid July 10, 1909, First National Bank, Vinita, Oklahoma."

It appears that Mr. Thomason was present at the time of the trial, and although the guardian testified that he never received any money except the $20 which was paid to him by Thomason for his expenses, this matter was not denied except by the introduction of the check on which the guardian stated that, although he indorsed the same, he never received any money. If this evidence is true, it is evidently a fact that Charley Glory was appointed guardian simply for the purpose of getting the title of the land out of the minor and into third persons without any intention of paying the purchase price thereof.

This court, in the case of Langley v. Ford, 68 Oklahoma, 171 Pac. 471, stated as follows:

"Where a guardian sells the lands of his ward on a secret understanding that the purchaser will not pay for same, and the sale is confirmed by the court, and deed executed and delivered to the purchaser, such facts constitute a fraud upon the estate of the ward, and the sale may be set aside in an action by the ward against the purchaser or any other person who acquires rights in said lands with knowledge or notice of such secret fraud."

Such is the holding of this court in the following cases: Brown v. Trent, 36 Okla. 239, 128 Pac. 895; Elrod v. Adair, 54 Okla. 207, 153 Pac. 207; Johnson v. Filtsch, 37 Okla. 510, 138 Pac. 165.

The evidence in the case was sufficient to support the allegation of fraud.

While it is true under the rule in this court that the judgment of the trial court should not be set aside unless clearly against the weight of the evidence, yet where evidence of the kind and character has been introduced as in the case at bar, and is not denied, we think the judgment of the court is clearly against the weight of the evidence, and that the finding of the court upon this proposition was erroneous.

The second proposition briefed by plaintiff in error is that the land was sold at private sale by the guardian for less than 90 per cent. of the appraised value.

The petition to sell the land in the county court described the land as a fee interest in said estate subject to the life estate of Charley Glory, who was 27 years of age. The order of sale authorized the selling of the estate of the minor, which estate was subject to the life estate of Charley Glory. The appraisal of the land ordered and directed the appraisers to appraise the interest of the plaintiff, which was described as a fee interest, subject to the life estate of Charley Glory, who was 27 years of age. The return of the appraisers disclosed that they appraised the land subject to the life estate of Charley Glory and it was appraised at $1,500. The return of the sale discloses that the land was sold subject to that interest, and the guardian's deed recited the land sold was the interest described in the order of sale. This court, in the case of Winters v. Oklahoma Portland Cement Co., 65 Oklahoma, 164 Pac. 965, stated:

"The provision of the statutes (Rev. Laws 1910, sec. 6384) which provides that no sale of lands of minors at private guardianship sale shall be confirmed where the bid is not 90 per cent. of the appraised value, or where there has been no appraisement of such lands within a year prior to the sale, is mandatory, and goes to the jurisdiction of the court to make the order of confirmation. Where an order of confirmation of such a sale is made in violation of such provision, the order of confirmation is void for want of jurisdiction."

It is suggested that the minor only owned an undivided one-half interest in and to the said land, and that sale was for one-half of the appraised value, but in this we cannot agree, as all the proceedings disclosed that the interest of the minor, which at that time was described as a fee estate subject to the life interest, was appraised at $1,500, and the court sold or attempted to sell that interest for $800 when appraised at $1,500. The sale was in violation of section 6384, Rev. Laws 1910, and, following the rule in the case heretofore cited, the guardian's sale was void.

The defendants in error contend, first, that, under the facts stated and under the law, Mose Glory did not inherit any of the land in question. But this contention has been decided by this court contrary to the contention of defendants in error in the case of Finley v. Thompson, 68 Oklahoma, 174 Pac. 535, where the facts were identical with the case at bar and where the court had under consideration sections 2531 and 2532 of Mansfield's Digest of the Laws of Arkansas, and the court stated as follows:

"Having reached this conclusion, it would follow that upon the death of Nicholas Bean, without descendants, his allotment ascended equally to his father and to the heirs of his mother; that is, one-half to the surviving father, Felin Bean, and one-half to the surviving sister, Lillian Bean."

To the same effect is the case of Palmer v. King, 75 Okla. 276, 183 Pac. 411.

Defendants in error next contended that the cause of action is barred by subdivision 2, section 4655, Rev. Laws 1910. This contention has likewise been rendered untenable by this court, in the case of Dodson v. Middleton, 38 Okla. 763, 135 Pac. 368, where the court stated as follows:

"Where the grantee went into possession of the real estate immediately after the purchase thereof by him at a void guardian's sale, and such grantee and those claiming under him remain continuously in possession thereof thereafter, and where the action to recover said real estate is not brought by the minor or his guardian within five years after the recording of the deed, nor by the minor within two years after his legal disability is removed, an action by such minor for the recovery of said property is barred by sections 4654-4656, Rev. Laws 1910."

Our statute was taken from Kansas, and it is the contention of defendants in error that the case of Dodson v. Middleton is contrary to the rule announced in the case of O'Keefe v. Behrens (Kan.) 85 Pac. 555; but in this we cannot agree, as in the case of O'Keefe v. Behrens, supra, only one section of the statute was involved. The case of Young v. Walker, 26 Kan. 242, was a case similar to this case of Dodson v. Middleton, and while the court there stated that the five-year statute applied, yet in giving the history of the case the court stated that the suit was brought more than five years after the disability had been removed. In the case of Howbert v. Heyle, 27 Pac. 117, the Supreme Court of Kansas held that both the five-year and the two-year statute applied, while the court in the case of O'Keefe v. Behrens stated they would not follow the case of Howbert v. Heyle on the question that the statute of limitations was applicable only as to a voidable deed, and not a deed that was

void. In the case of O'Keefe v. Behrens the court used the following language as to why the statute should apply to void as well as voidable deeds:

"After a fair purchase has been made upon the faith of an order of sale granted by a court of competent authority and the purchase money has been irretrievably distributed among creditors, it would result in the rankest kind of injustice to allow heirs ·to remain silent for years, and then, prompted by some fortuitous circumstance, like the discovery of oil or other mineral in the vicinity of the premises, to claim them."

But no such facts exist in the case at bar, as the appraisement shows that the interest of the minor was appraised at $1,500 and the same sold for $800, and the guardian positively testifies that none of said money was ever paid. This statement was not denied except by inference, by the introduction of a check, which the guardian admitted he indorsed, but stated positively that none of the money was paid to him. Under the facts in this case, we see no reason for not following the rule heretofore announced by this court in the case of Dodson v. Middleton.

It was suggested that, even if the action was not barred, the same is prematurely brought by the minor, for the reason that under section 4566, Rev. Laws 1910, he could not bring the action until he became of age; but in this we cannot agree. The sale, being void, might be attacked at any time before the expiration of two years after the minor became of age. The rule announced in 21 Cyc. 198, is as follows:

"Statutes of limitation almost universally contain a provision that in computing the statutory period the time during which plaintiff was under disability from infancy or otherwise shall be excluded. This exception applies to infants under guardianship; the statute does not run against them during their minority; and it has been held that the ward's rights are not barred even though the statute has run against the guardian. When they become of age, however, the statute begins to run, and if they do not sue within the time prescribed either generally or specially the action is barred."

And such is the holding of the case of Dodson v. Middleton. The evidence being uncontradicted, the sale was void for the reason the property was sold at private sale for less than 90 per cent. of the appraised value. The evidence further discloses the sale was fraudulent. The judgment of the court being clearly against the weight of the evidence, the case will be reversed and remanded, with instructions to render judgment for the plaintiff for one-half of said land and for an accounting.

RAINEY, V. C. J., and KANE, PITCHFORD, JOHNSON, HIGGINS, and BAILEY, JJ., concur.