DIERKS et al. v. ISAAC et al.

No. 15503—Opinion Filed July 7, 1925.

Withdrawn, Corrected, Refiled, and Rehearing Denied March 23, 1926.

(Syllabus.)

1. Indians — Estates of Minors—Jurisdiction of County Courts—Statutes.

The proviso of section 9 of the Act of Congress of May 27, 1908, requiring the approval of conveyance by the county court

having jurisdiction of the estates of deceased allottees does not apply to full-blood Indian minors, and the provision of section 6 giving the county court jurisdiction of the person and estate of all Indian minors is the only provision applicable to such Indian minors.

2. Same.

In passing the provisions of section 6 of Act of Cong. May 27, 1908, the jurisdiction of the person and property, such as involved in this action, was placed in the county courts of the state of Oklahoma, and in doing so it was the intent of Congress that both the minors and other persons affected by the exercise of such jurisdiction were to be governed by the rules of law in the probate code determining the procedure and sales thereunder, of which the statute herein involved is a part.

Error from District Court, McCurtain County; G. M. Barrett, Judge.

Action by Jim Isaac and Lela Isaac against H. Dierks and the Choctaw Lumber Company. Judgment for plaintiffs, and defendants bring error. Reversed.

McPherren & Hannah, Lydick, McPherren & Wilson, and M. E. Jordan, for plaintiffs in error.

Hatchett & Semple, for defendants in error.

PHELPS, J. This cause comes to us on appeal from the district court of McCurtain county, Okla., and involves the ownership and right to possession of certain lands formerly the allotment of Sadie Isaac, who was enrolled as a full-blood Mississippi Choctaw Indian. It appears from the record that she died intestate while a minor, unmarried and without issue, leaving surviving her father and mother, and also her brother and sister, Jim and Lela Isaac, who appear here as defendants in error and who were plaintiffs below. After the death of said Saddie Isaac, her mother also died, and their father, Wilson Isaac, was appointed guardian of Jim Isaac and Lela Isaac, defendants in error, by the county court of Atoka county, Okla., and as such guardian sold the land in question at guardian's sale to the plaintiffs in error for the sum of $1,700, which sale was duly approved and confirmed by the county court of Atoka county on the 28th day of May, 1909, and upon which approval and confirmation deed was issued to the purchasers.

Jim Isaac became 21 years of age on the 15th day of April, 1916, and Lela Isaac became 18 years of age on the 18th day of April, 1914. The guardian made settlement with said minors and was discharged as

such guardian on or about October 21, 1916, and this action was commenced by Jim Isaac and Lela Isaac against the plaintiffs in error, H. Dierks and the Choctaw Lumber Company, on the 1st day of November, 1919, claiming the ownership of and the right of immediate possession to said lands, basing their claim upon defects or imperfections in the guardianship sale proceedings in that the land was sold at private sale and there appeared in the records of said proceeding no appraisement of such land. The case was tried upon an agreed statement of facts, resulting in a judgment in favor of plaintiffs, for the reversal of which defendants prosecute their appeal to this court.

Plaintiffs in error present four propositions upon which they base their right to have the judgment of the district court reversed, only two of which are necessary for us to consider in determining the rights of the parties herein. First, they claim that plaintiffs are barred from filing and prosecuting their action to recover the real estate in question for the reason that more than three years elapsed after they arrived at their majority and their guardian was discharged before they commenced the proceedings to recover the land and cite section 184, Comp. St. 1921, which reads as follows:

"Any person entitled to bring an action for the recovery of real property, who may be under any legal disability when the cause of action accrues, may bring his action within two years after the disability is removed."

Also, section 1496, Comp. St. 1921, which reads as follows:

"No action for the recovery of any estate, sold by a guardian, can be maintained by the ward, or by any person claiming under him, unless it is commenced within three years next after the termination of the guardianship, or when a legal disability to sue exists by reason of minority or otherwise, at the time when the cause of action accrues, within three years next after the removal thereof."

In Dodson v. Middleton, 38 Okla. 763, 135 Pac. 368, this court had this question under consideration, when it used the following language:

"The trial court found that at the time the probate court of Logan county issued letters of guardianship and ordered the sale of the land by the guardian, said court was without jurisdiction, because defendants were then residents of Kingfisher county, and upon this ground rendered a judgment in favor of defendants for the relief prayed for in their cross-petition.

"The facts established by the evidence

are substantially the same as the foregoing allegations of the pleadings, except that it is shown by the evidence that more than five years had elapsed since the recording of the guardian's deed prior to the institution of defendants' action upon their cross-petition, and more than two years had elapsed after defendant Hannah Middleton had become of age, and prior to the institution of her action, but that less than two years had elapsed since the attainment of her majority by defendant Lydia Middleton prior to the bringing of her action."

And in the syllabus thereof, makes use of the following language:

"Where the grantee went into possession of real estate immediately after the purchase thereof by him at a void guardian's sale, and such grantee and those claiming under him remain continuously in possession thereof thereafter, and where the action to recover said real estate is not brought by the minor or his guardian within five years after the recording of the deed, nor by the minor within two years after his legal disability is removed, an action by such minor for the recovery of said property is barred by sections 5547-5549, Comp. Laws 1909."

(It will be noted that section 5549 of the Statutes of 1909 is now section 184, Comp. St. 1921.)

In Glory v. Bagby, 79 Okla. 155, 188 Pac. 381, this court had under consideration this section of the statute, and in the fourth paragraph of the syllabus made use of the following language:

"Where a minor's property has been sold at a void or fraudulent guardian's sale, and a guardian's deed executed and filed of record, * * * the minor's cause of action is not barred by reason of subdivision 2, section 4655, Rev. Laws 1910, within five years after the recording of the deed, but by virtue of section 4656, Rev. Laws 1910, the minor may begin an action to set aside said sale at any time prior to two years after his legal disability is removed."

It will be observed that section 4656, Rev. Laws 1910, is our section 184, Comp. St. 1921, and as this construction seems to have been thoroughly adopted by this court, we deem it unnecessary to cite further authorities.

It is the contention of attorneys for plaintiffs, however, that the plaintiffs being full-blood Choctaw Indian minors, and having inherited full-blood Indian lands, were restricted Indians as to such inherited lands under the provisions of section 9 of the Act of Congress of May 27, 1908, which reads as follows:

"That the death of any allottee of the Five Civilized Tribes shall operate to re-move all restrictions upon the alienation of said allottee's land; provided, that no conveyance of any interest of any full-blood heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee."

In Harris et al. v. Bell et al., 254 U. S. 103, the Supreme Court of the United States held:

"That the proviso of section 9 requiring the approval of conveyances by the county court having jurisdiction of the estates of deceased allottees does not apply to full-blood Indian minors, and that the provision of section 6 giving the county court jurisdiction of the person and estate of all Indian minors is the only provision applicable to such Indian minors."

And in paragraphs 4 and 5 of the syllabus used the following language:

"Lands inherited from a deceased Indian allottee were not included in or affected by the provision in the Act of May 27, 1908, section 6, that no restricted lands of living minors shall be sold or incumbered except by leases authorized by law, by order of the court, or otherwise.

"Adult heirs only must be regarded as comprehended by the proviso in the Act of May 27, 1908, section 9, that no conveyance of any interest of any full-blood Indian heir shall be valid unless approved by the court having jurisdiction of the settlement of the estate of a deceased allottee, in view of the provision of section 6 of such act, subjecting the persons and property of minor Indians to the jurisdiction of the Oklahoma probate courts, and hence a guardian's conveyance for minor heirs of a deceased allottee, directed and approved by the court having control of the guardianship, need not also be approved by the court having jurisdiction of the deceased allottee's estate."

It, therefore, appears to be well settled that the inherited **lands** of such heirs were not restricted and they were not **personally** restricted as to such inherited lands under the proviso of section 9. The only personal restrictions upon such full-blood Indian heirs are the same as those upon other minors of Oklahoma without regard to Indian blood. This court has held that the inherited lands of full-blood Indians were freed of all restrictions under the first provision of section 9 of the Act of May 27, 1908, and that, at most, the proviso to that section was a personal restriction upon full-blood Indian heirs and not a restriction upon the land, and that the only restriction imposed by said proviso on full-blood Indian minor heirs was that the probate courts should approve the conveyance as that court is required to do in all guardian sales regardless of the blood of the minor. That being true, it necessar-

rily follows that the statute of limitation that applies to attacks on guardian's sales as to all minors applies to the full-blood minor heirs in relation to their inherited lands.

In King v. Mitchell, 69 Okla. 207, 171 Pac. 725, in paragraphs 5 and 6 of the syllabus it is said:

"Under the provisions of section 9 of the act of Congress of May 27, 1908 (35 Stat. L. 312), the death of an allottee of the Five Civilized Tribes operated to remove all restrictions upon the alienation of said allottee's land. The first proviso in said section, 'That no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee,' imposed a merely personal restriction on the full-blood Indian heirs. The restriction thus imposed was simply an incapacity to convey without the approval of the proper county court, similar to the disability of a minor to sell his lands."

"Lands inherited by full-blood Creek Indian minors from a full-blood Creek allottee are not 'restricted lands' within the purview of the proviso in section 6 of the act of May 27, 1908 (35 Stat. 312), prohibiting the sale or incumbrance of restricted lands of living minors, except by leases authorized by law, by order of the court, or otherwise."

This court had this subject under consideration in Chupco et al. v. Chapman et al., 170 Pac. 250, 76 Okla. 201, and in a well-written opinion by Mr. Justice Rainey used the following language in paragraphs 5 and 6 of the syllabi:

"Under the provisions of section 9 of the Act of Congress of May 27, 1908, the death of an allottee of the Five Civilized Tribes operated to remove all restrictions upon the alienation of said allottee's land. The first proviso in said section, 'that no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee,' imposed a merely personal restriction on the full-blood Indian heirs. The restriction thus imposed was simply an incapacity to convey without the approval of the proper county court, similar to the disability of a minor to sell his lands.

"Lands inherited by full-blood Creek Indian minors from a full-blood Creek allottee are not 'restricted lands' within the purview of the proviso in section 6 of the Act of Congress of May 27, 1908, prohibiting the sale or incumbrance of restricted lands of living minors, except by leases authorized by law, by order of the court, or otherwise."

This rule was adhered to by this court

in King v. Shults, 72 Okla. 254, 180 Pac. 550, and followed in Seiffert v. Jones, 77 Okla. 204, 186 Pac. 472. Also, Stewart v. Burrows, 80 Okla. 23, 193 Pac. 881.

Counsel for defendants in error insist that Lytle v. Fulotka, 106 Okla. 86, 233 Pac. 456, is controlling in this case, and quote in their supplemental brief the following paragraph from the opinion:

"The five years statute of limitations against recovery of lands sold at judicial sale, saving to minors three years after removal of disability, does not apply to actions commenced by restricted Indians for the recovery of their restricted lands."

But it will be observed that the last sentence of the paragraph above quoted says that this rule "does not apply to actions commenced by restricted Indians for the recovery of their restricted lands." Therefore, this case is not applicable to the facts herein. The record of the guardianship proceedings shows that appraisers were appointed when the land in question was sold. No one connected with the transaction was able to say definitely whether or not an appraisal was had, the contention being that the record of the sale in the county court of Atoka county fails to show that an appraisement was had. It appears, however, that the purchase price was paid, the minors received the benefit of the same, and make no effort or offer to return any portion thereof and no claim is made that the purchase price was inadequate, and in view of the authorities above cited, we have no difficulty in arriving at the conclusion that they should not be heard to complain at this late date. The judgment of the district court is therefore reversed and judgment rendered for the plaintiffs in error herein.

HARRISON, MASON, LESTER, HUNT, and RILEY, JJ., concur.

NICHOLSON, C. J., and CLARK, J., dissent.

Note.—See under (1) 28 C. J. p. 1197, § 345. (2) 31 C. J. p. 517, § 81.