## BEARHEAD v. AMERICAN INVESTMENT CO. et al.

No. 20685. Opinion Filed April 26, 1932.

Tom Huser and E. I. Wakeman, for plaintiff in error.

Lester, Mills & Lester, for defendants in error.

ANDREWS, J. This is an appeal by a full-blood Creek Indian from a judgment of the district court of Seminole county sustaining a general demurrer to his amended petition in ejectment for possession of an allotment of a deceased full-blood Seminole Indian and dismissing the action. The basis of the action was the contention that the interest of the plaintiff in the land was sold by his guardian while the plaintiff was a minor and that the sale was void. The parties appear here as they appeared in the

trial court and hereinafter they will be referred to as plaintiff and defendants.

The plaintiff contends that the notice to hear the petition of the guardian to sell the land of his ward was not properly served on the next of kin of the ward; that the next of kin of the ward were minors and no guardian ad litem was appointed for them, and that by reason thereof the sale of the interest of the plaintiff in the land was void. The amended petition, with the exhibits attached, shows that Dan M. Baker was the guardian of the plaintiff, a minor of the age of 20 years at the time of the sale of the land by the guardian; that the guardian filed in the county court a verified petition for authority to sell the ward's interest in the land; that the county court made an order fixing a date for the hearing of the petition for the sale, in which it required all interested parties to appear and in which it directed that a copy of the order be served personally upon the next of kin of the ward and that a copy thereof be posted as required by law; that the ward at that time had a wife and two children; that a copy of the order of the court was posted; that a copy thereof was served by the guardian upon the mother, the wife, and each of the two children of the ward; that a return was made by the guardian under oath showing the service of the order as aforesaid and showing that the father of the ward was dead; that a decree of sale was issued by the court finding that the ward and all of the next of kin were present at the hearing and that they were sworn and examined in open court, and that the sale of the land was confirmed by the county court.

The plaintiff contends that the notice to hear a petition to sell the land of a minor in a county court is of the dignity and solemnity of a summons and must be served by the sheriff or by someone specially appointed by the court to do so. Section 1472, C. O. S. 1921, provides the manner of service of an order for hearing a petition to sell the land of a minor. That section provides:

"The county judge shall cause copies of said order to be posted up in three public places in the county, one of which shall be at the courthouse where said hearing is to be held, and personally served on the next of kin of the ward and all other persons interested in the estate of said ward, residing in the county, and to be mailed to all such persons who are not residents of the county, with the postage prepaid, at least fourteen days before the hearing of the petition. * * *"

The provisions of that section were complied with.

The plaintiff cites section 1086, C. O. S. 1921, which requires that all process issued by the county court shall be served in the same manner and by the persons and officers as provided for the service of process of the district court. In Harrison et al. v. Orwig et al., 149 Okla. 54, 299 Pac. 143, this court held:

"Notice of hearing a petition for sale of real estate of a minor in guardianship proceedings is not 'process' within the meaning of sections 862 and 1086, C. O. S. 1921."

"A guardian's sale of real estate is a special proceeding and is not a cause of action within the meaning of section 172, C. O. S. 1921."

This action is not a direct attack upon the order confirming the sale of real estate. It is a collateral attack thereon. In Harrison v. Orwig, supra, this court held:

"Where guardianship proceedings have been conducted by a county court having jurisdiction, leading up to a confirmation of a sale of the ward's real estate, the sufficiency of the notice or waiver of the hearing upon the application for appointment of a guardian, the guardian's petition for decree of sale, the notice or waiver of hearing upon the petition for decree of sale, the notice or waiver of hearing upon the return of sale, and of the appraisement, when an appraisement is required, and the notice of sale, are all matters for the consideration of the county court, and where a guardian has been appointed, decree of sale made, and an order of confirmation of sale made, followed by execution and delivery of a guardian's deed, the proceedings are not open to a collateral attack in an independent suit to cancel the proceedings."

See also Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, and Ward v. Thompson, 111 Okla. 52, 237 Pac. 569.

We know of no provision of law requiring that a guardian ad litem be appointed for the next of kin of a ward in a probate proceeding for the sale of real estate of the ward by a guardian.

The sale was confirmed on February 23, 1922. The guardian's deed was executed on March 16, 1922, and filed for record on that date. The action was commenced on October 8, 1928. The action was barred by the provisions of sections 183 and 184, C. O. S. 1921. Dodson v. Middleton, 38 Okla. 763, 135 Pac. 368; Wray v. Howard, 79 Okla. 223, 192 Pac. 584; Walker v. Hatcher, 109 Okla. 283, 231 Pac. 88, and Dierks et al. v. Isaac et al., 114 Okla. 158, 244 Pac. 750.

The plaintiff states in his brief that this action was commenced under the authority of section 2 of the Act of Congress of April 12, 1926 (44 Stat. 239), known as the Hastings-Harreld Act. The two-year provision of that act is not applicable to actions involving land which is not restricted. Tomlin v. Roberts, 126 Okla. 165, 258 Pac. 1041. The land in question is not restricted land within the meaning of section 6 of the Act of Congress of May 27, 1908 (35 Stat. 312). King v. Mitchell, 69 Okla. 207, 171 Pac. 725; Chupco v. Chapman, 76 Okla. 201, 170 Pac. 259, and Dierks v. Isaac, supra.

Finding no error in the judgment of the trial court, the same is in all things affirmed.

RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.