**WASHINGTON v. BARTLETT et al.**

No. 20222. Opinion Filed July 19, 1932.

J. S. Severson and S. H. Butler, for plaintiff in error.

S. W. Maytubby, T. J. Flannelly, Paul B. Mason, and Hughes & Ellinghausen, for defendants in error.

HEFNER, J. Walter Washington, plaintiff below and plaintiff in error herein, brought this action to recover an undivided interest in and to the northeast quarter of section 7, township 17 north, of range 7 east. The land was allotted to Kogee Washington, a full-blood Creek Indian, who died intestate in Creek county, Okla., in October, 1908. She was a single woman and without issue, and left neither father nor mother surviving her, but left a half-sister, Minnie Bearhead, and a brother, Walter Washington, plaintiff herein, both of whom were full-blood Creek Indians, and under the laws of descent and distribution inherited a portion of the land which was allotted to Kogee Washington.

Plaintiff alleges that, in the county court of Creek county, Barney Beaver, on October 26, 1909, was appointed his guardian; that

the next of kin, at that time, was his half-sister, Minnie Bearhead; that no notice was served upon her personally. nor did she nominate, or suggest or waive her right in favor of, Barney Beaver, nor did she have any actual notice of an opportunity to be appointed his guardian; and for this reason the appointment was void, as well as all proceedings had thereunder.

The petition challenges the sufficiency of the sale of the land for two reasons: First, that no notice was served personally on Minnie Bearhead, his half-sister, of the petition seeking appointment of a guardian, nor did she nominate or suggest the appointment of anyone, nor waive her right to such appointment; and second, the sufficiency of the decree of sale is challenged for the reason that the proof shows that service on the next of kin' to hear the petition to sell was secured by publishing and posting and not by personal service or notice by mail. To this petition defendants filed their demurrer, and, upon hearing upon the same, the court sustained the demurrers and entered judgment in behalf of defendants and dismissed the petition. This action of the trial court is brought here for review.

The defendants say that the judgment of the trial court should be affirmed for these reasons:

1. There were no sufficient allegations in the petition to show that Minnie Bearhead, half-sister of plaintiff (the only person named in the petition as not having had notice or waived her right to nominate a guardian) and was entitled to notice of the hearing' on the petition for appointment.

2. There is no sufficient allegation in the petition to show that Minnie Bearhead was entitled to notice of hearing the petition to sell, or that, if she was, that notice to her was not excused.

3. This proceeding is a collateral attack on the judgment of the county court confirming the sale, and since the petition does not allege any fraud or state any facts to show that the proceedings are void on the face of the judgment roll, no cause of action was stated and the demurrer thereto was properly sustained.

4. It affirmatively appears from the face of the petition that the plaintiff's cause of action is barred both by the three-year statute of limitations provided in section 1496, C. O. S. 1921, and the second subdivision of section 183, C. O. S. 1921 [ O. S. 1931, secs. 1444 and 99] and the general demurrer to the petition was properly sustained.

5. The statutes of limitations of Oklahoma in relation to guardian's sales applies to full-blood Indian minors in relation to their inherited lands, the same as white persons.

We think this case can properly be determined by consideration of the fourth and fifth propositions. An examination of the petition shows that the plaintiff was 28 years of age at the time this action was brought. It affirmatively discloses that the action was not brought until seven years after plaintiff had reached his majority. A copy of the guardian's deed is attached to the petition and shows that it was filed for record on August 13, 1912, about 16 years before the commencement of this action. Section 1496, C. O. S. 1921 [O. S. 1931, sec. 1444], provides:

"No action for the recovery of any estate, sold by a guardian, can be maintained by the ward, or by any person claiming under him, unless it is commenced within three years next after the termination of the guardianship, or when a legal disability to sue exists by reason of minority or otherwise, at the time when the cause of action accrues, within three years next after the removal thereof."

The second subdivision of section 183, C. O. S. 1921 [O. S. 1931, sec. 99], provides:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter. * * *

"An action for the recovery of real property sold by executors, administrators, or guardians upon an order or judgment of a court directing such sale, brought by the heirs or devisees of the deceased person, or the ward or his guardian, or any person claiming under any or either of them, by the title acquired after the date of the judgment or order, within five years after the date of the recording of the deed made in pursuance of the sale."

These statutes are clearly applicable to the facts in this case, unless the fact that plaintiff is a full-blood Indian heir to the allotment of his ancestor prevents the statutes from running. Plaintiff contends that the statutes do not apply to a void guardian's deed, nor to a full-blood Indian in respect to its inherited lands.

Both of these questions were determined against plaintiff in the recent case of Giv-

ens v. Jones, 158 Okla. 124, 12 P. (2d) 892. We do not deem it necessary to further discuss the question here, for the reason that they have been given due consideration in that case, and both of the issues raised herein were determined against plaintiff's contentions.

Under the rule announced in that case, the judgment of the trial court herein is affirmed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. RILEY, J., dissents. CLARK, V. C. J., and McNEILL, J., absent.