## LITTLE v. MIRACLE et al.

No. 21716.     Feb. 20, 1934.

E. I. Wakeman, for plaintiff in error.

Jess I. Miracle, S. A. Duling, Hunter L. Johnson, Floyd E. Staley, G. Earl Shaffer, and John Rogers, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Seminole county in favor of the defendants in error, as defendants, against the plaintiff in error, as plaintiff. The parties will be referred to as they appeared in the trial court.

The issue herein is the title to an undivided one-fourth interest in 160 acres of land in Seminole county, Okla., which was inherited by the plaintiff, a full-blood citizen of the Creek Nation, from her mother, a full-blood citizen of the Creek Nation, to whom the land had been allotted. The action was commenced on April 11, 1928. The plaintiff was born on May 7, 1898. The guardian's deed in question was made pursuant to an order of the county court of Okfuskee county, under date of September 27, 1912. It was filed for record in the office of the county clerk of Seminole county on January 15, 1913. The grantee and those claiming under him have been in adverse possession of the land since that time.

The trial court found that the guardianship proceedings, including the sale, were in all respects valid and according to law. Herein the guardianship proceedings are attacked. We do not think it necessary to discuss that contention, for the cause of action of the plaintiff, if she had any, was barred by the applicable statutes of limitation, notwithstanding the provisions of section 2, ch. 115 of the Act of Congress of April 12, 1926 (44 Stat. 239), generally known as the Hastings-Harreld Act. Such is the effect of the decision of this court in cause numbered 21718, Noah Stewart v. Robert Keyes et al., 167 Okla. 531, 30 P. (2d) 875. See also, Dodson v. Middleton, 38 Okla. 763, 135 P. 368; Group v. Jones, 44 Okla. 344, 144 P. 377; King v. Mitchell, 69 Okla. 207, 171 P. 725; Chupco v. Chapman, 76 Okla. 201, 170 P. 259; Glory v. Bagby, 79 Okla. 155, 188 P. 881; Wray v. Howard, 79 Okla. 223, 192 P. 584; Mehard v. Little, 81 Okla. 1, 196 P. 536; Minnehart v. Littlefield, 94 Okla. 249, 222 P. 253; Sandlin v. Barker, 95 Okla. 113, 219 P. 519; Walker v. Hatcher, 109 Okla. 283, 231 P. 88; Dierks v. Isaac, 114 Okla. 158, 244 P. 750; Anicker v. Harrison, 125 Okla. 21, 256 P. 39; Tiger v. Brown, 130 Okla. 83, 265 P. 124; Stolfa v. Gaines, 140 Okla. 292, 283 P. 563; Bearhead v. American Inv. Co., 157 Okla. 84, 10 P. (2d) 1086; Washington v. Bartlett, 158 Okla. 218, 13 P. (2d) 132; Givens v. Jones, 158 Okla. 124, 12 P. (2d) 892; Deere v. Gypsy Oil Co., 160 Okla. 237, 15 P. (2d) 1086, and Harris v.

Bell, 254 U. S. 103, 65 L. Ed. 159, 41 S. Ct. 49.

The judgment of the trial court is in all things affirmed.

RILEY, C. J., and SWINDALL, OSBORN, and BUSBY, JJ., concur.