## STEWART v. KEYES et al.

No. 21718.    Feb. 20, 1934.

Rehearing Denied March 27, 1934.

W. H. Ballard and Lester & Briggs for plaintiff in error.

T. H. Wren, Grant & Grant, W. N. Stokes, A. M. Beets, O. K. Wetzel, John Rogers, J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lockewitz, J. P. Greve, and R. J. Roberts, for defendants in error.

ANDREWS, J. This is an appeal from a judgment rendered by the district court of Seminole county in favor of the defendants in error, who were the defendants in the trial court, against the plaintiff in error, who was the plaintiff therein. Hereinafter the parties will be referred to as they appeared in the trial court.

The plaintiff's original petition was filed on April 11, 1928. The cause of action attempted to be stated therein was based on the allegations that the appointment of John A. Jacobs as guardian for him was invalid; that the continuation of such guardianship after the plaintiff had reached the age of majority was invalid, and that the sale of the land in question by the guardian was invalid. Thereafter various amendments were filed.

Since the controlling issue is whether or not that guardian's deed can be attacked herein, the details of the allegations of the petition and amendments are not stated.

The record shows that on July 20, 1909, John A. Jacobs was regularly appointed guardian of the property of the plaintiff,

who, at the time of the appointment, was a minor. It shows that on the 5th day of January, 1914, after the plaintiff had arrived at the age of majority said John A. Jacobs presented to the county court a resignation as guardian; that the county court found that the plaintiff, a full-blood Indian and of a weak and inferior mind, was unable to properly transact his own business and incompetent to manage his own affairs; that the said John A. Jacobs was a capable person to be continued as guardian of the plaintiff; that after an examination of the plaintiff and after a hearing in the presence of the plaintiff, the resignation of the guardian was not accepted, and it was ordered that the guardianship continue with John A. Jacobs as guardian until the further order of the court. The record does not show the character of notice of that hearing, if any, and it might be presumed that the necessary notice was given before the order was made. However, we are not determining that question herein. The record shows that thereafter the land in question was sold at a guardian's sale and purchased by the defendant Robert Keyes, who entered into possession thereof, and who remained in possession thereof at all times thereafter, and under whom the other defendants in this action claimed title to their respective interests in the property in question. That guardian's deed was filed for record on the 12th day of July, 1916. On August 4, 1917, the county court made an order adjudging the plaintiff to be competent and discharging the guardian. There was other evidence pertaining to other issues not controlling herein.

At the conclusion of the evidence on behalf of the plaintiff, the defendants, jointly and severally, demurred thereto on the, ground, among others, that each and every cause of action asserted by the plaintiff in the case, as shown by the evidence, was barred by the statutes of limitation of the state of Oklahoma and the United States of America. That demurrer was sustained by the trial court and judgment was rendered dismissing the action with prejudice. From that judgment the plaintiff appealed to this court.

Under the provisions of section 1444, O. S. 1931, no action for the recovery of any estate, sold by a guardian, can be maintained by the ward, unless it is commenced within three years next after the termination of the guardianship, or when a legal disability to sue exists by reason of minority or otherwise, at the time when the cause of action accrues, within three years next after the removal thereof. The plaintiff could have commenced his action at any

time within three years after August 4, 1917. Under the provisions of section 100, O. S. 1931, any person entitled to bring an action for the recovery of real property, who may be under any legal disability when the cause of action accrues, may bring his action within two years after the disability is removed. Under that statute the plaintiff could have brought his action within two years after August 4, 1917. Under the provisions of the second subdivision of section 99, O. S. 1931, an action for the recovery of real property sold by a guardian, upon an order or judgment of a court directing such sale, brought ·by the ward or his guardian, must be brought within five years after the date of the recording of the deed made in pursuance of the sale. Under that statute the plaintiff could have brought his action within five years after the 12th day of July, 1916. The action was not commenced until the 11th day of April, 1928.

The plaintiff contends that this action was brought under the provisions of section 2, chapter 115 of the Act of Congress of April 12, 1926 (44 Stat. 289), generally known as the Hastings-Harreld Act; that it was brought within the two-year period provided by that act, and that the restrictions provided in section 1444, O. S. 1931, as to attacks on guardian's sales do not apply. With that contention we cannot agree.

In Campbell v. Holt, 115 U. S. 620, 29 L. Ed. 483, 6 Sup. Ct. 209, the Supreme Court of the United States said:

"It may therefore, very well be held that, in an action to recover real or personal property, where the question is as to the removal of the bar of the statute of limitations by a legislative act passed after the bar has become perfect, such act deprives the party of his property without due process of law. The reason is, that, by the law in existence before the repealing act, the property had become the defendant's. Both the legal title and the real ownership had become vested in him, and to give the act the effect of transferring this title to plaintiff would be to deprive him of his property without due process of law."

The Hastings-Harreld Act, supra, did not and could not affect causes of action that had been barred by the statutes of limitation prior to the enactment thereof. See 17 R. C. L., sec. 16, p. 674; 34 Corpus Juris, sec. 14, p. 697.

The right of the plaintiff to have the guardian's deed in question canceled was barred by the applicable statutes of limitation prior to the commencement of this action, even though, as contended by the plaintiff, that deed was void. See Dodson v. Mid-

dletou, 38 Okla. 763, 135 P. 368; Group v. Jones, 44 Okla. 344, 144 P. 377; King v. Mitchell, 69 Okla. 207, 171 P. 725; Chupco v. Chapman, 76 Okla. 201, 170 P. 259; Glory v. Bagby, 79 Okla. 155, 188 P. 881; Wray v. Howard, 79 Okla. 223, 192 P. 584; Mehard v. Little, 81 Okla. 1, 196 P. 536; Minnehart v. Littlefield, 94 Okla. 249, 222 P. 253; Sandlin v. Barker, 95 Okla. 113, 218 P. 519; Walker v. Hatcher, 109 Okla. 283, 231 P. 88; Dierks v. Isaac, 114 Okla. 158, 244 P. 750; Anicker v. Harrison, 125 Okla. 21, 256 P. 39; Tiger v. Brown, 130 Okla. 83, 265 P. 124; Stolfa v. Gaines, 140 Okla. 292, 283 P. 563; Bearhead v. American Inv. Co., 157 Okla. 84, 10 P. (2d) 1086; Washington v. Bartlett, 158 Okla. 218, 13 P. (2d) 132; Givens v. Jones, 158 Okla. 124, 12 P. (2d) 892; Deere v. Gypsy Oil Co., 160 Okla. 237, 15 P. (2d) 1086; Harris v. Bell, 254 U. S. 103, 65 L. Ed. 159, 41 Sup. Ct. 49.

In Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807, the Supreme Court of the United States said:

"Statutes of limitation are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply its place by a presumption which renders proof unnecessary. Mere delay, extending to the limit prescribed, is itself a conclusive bar. The bane and antidote go together."

There are many other issues presented, none of which are necessary to be determined.

The judgment of the trial court is affirmed.

CULLISON, V. C. J., and SWINDALL, OSBORN, and BUSBY, JJ., concur.