### In re ASHSHALINTUBBI.

No. 25752.   Dec. 8, 1936.

Rehearing Denied Jan. 5, 1937.

Robert Crockett and M. S. Robertson, U. S. Probate Attorneys, and C. C. Hatchett, for defendant in error.

Blanton, Curtis & Blanton and Hudson & Coker, for plaintiff in error.

Don Welch, amicus curiae.

GIBSON, J. This cause originated in the county court of McCurtain county and involves the legality of the confirmation of a guardian's sale of his minor ward's real estate. The ward was a full-blood Choc'aw Indian, and the land sold was his inherited interest in his father's restricted allotment.

The United States probate attorney for that district appealed the order of confirmation to the district court, where the same was reversed on the ground that no formal notice of hearing guardian's return of sale had been served upon said probate attorney. From the judgment of the district court the purchaser at the sale and the guardian have appealed here.

If notice of any kind is to be served upon the probate attorney in such cases, that requirement is found in section 8, Act of Congress approved January 27, 1933 (47 Stat. L. 777), which provides as follows:

"That it shall be the duty of the attorneys provided for under the Act of May 27, 1908 (35 Stat. L. 312), to appear and represent any restricted member of the Five Civilized Tribes before the county courts of any county in the state of Oklahoma, or before any appellate court thereof, in any matter in which said restricted Indians may have an interest, and no conveyance of any interest in lands of any full-blood heir shall be valid unless approved in open court after notice in accordance with the rules of procedure in probate matters, adopted by the Supreme Court of Oklahoma in June of 1914, and said attorneys shall have the right to appeal from the decision of any county court approving the sale of any interest in land, to the district court of the district to which the county is a part."

The probate attorney argues that the foregoing provision of the act referring to notice contemplates notice to the probate attorney in the matter of sales of the inherited lands of both minor and adult full-blood Indian heirs, and that said notice is jurisdictional. On the other hand, the purchaser and the guardian say that said provision refers only to conveyances executed by adult full-blood Indian heirs.

An examination of the rules of procedure in probate matters adopted by this court in June, 1914, reveals no provision for notice of any kind to anyone in the matter of guardian sales of real estate. There is a provision requiring notice to the probate attorney before the approval of any deed conveying inherited lands of full-blood Indian heirs. That provision is found in Rule 10, which reads as follows:

"Deeds conveying inherited lands of full-blood Indian heirs shall be approved only on the verified petitions of grantors which shall set forth the names of the parties, description of the land, roll number of the decedent and grantors and quantum of blood, the permanent residence of the deceased allottee at the time of death, and the character and extent of the interest sold.

Said petitions shall be set down for hearing not less than ten (10) days from the date of filing and on one of the two days hereinbefore provided for the confirmation of sale by guardian, advertised in the county where the land is located for one week, and probate attorney or local counsel for the tribe of which the grantor is a member shall be notified upon the filing of the petition. Said land shall be appraised, and testimony of disinterested parties may be required as to the value of the land conveyed, when deemed necessary by the court. The grantors shall be present, and be examined in open court and before such deeds shall be approved, and the court must be satisfied that the consideration has been paid in full in the presence of the court. No petition will be considered when any deed has been previously placed of record upon the land, or taken within thirty (30) days after the death of the allottee. The evidence shall be transcribed by the stenographer and filed of record, in the case, the expense of which, including attorney's fees, must be borne by the grantee. When it shall appear for the best interests of the Indian, approval will be withheld unless the grantor agrees in writing for the deposit of the proceeds derived from the sale of the land, to be expended subject to the approval of the county court."

That rule was adopted by this court in an attempt to prescribe rules of procedure in the matter of approval of conveyances executed by full-blood Indians pursuant to section 9, Act of Congress of May 27, 1908 (35 Stat. L. 312), the material portion of which is as follows:

"That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: Provided, That no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee."

There is no indication of an attempt on the part of this court in Rule 10 to regulate procedure in the county court in the matter of guardianship sales of real estate. The rule clearly refers only to conveyances executed and being offered by adult heirs to the court for approval. No other meaning can reasonably be gathered from the language employed.

In view of the foregoing circumstances, Congress, when passing section 8 of the Act of 1933, could have contemplated no other notice than the one required by Rule 10 to be served in cases of sales by adult heirs.

The correctness of this conclusion becomes more apparent in the light of the decisions

584

dealing with the acts of Congress relating to the approval of conveyances executed by full-blood Indian heirs of the Five Civilized Tribes. Section 9 (amended Act April 12, 1926, 44 Stat. 239) and section 6 of the Act of May 27, 1908, entirely covered this matter. The courts in construing those sections prior to 1933 had definitely held that the foregoing proviso of section 9 applied only to adult heirs, and that section 6, releasing the estates of minor full-bloods to the jurisdiction of the county courts in probate, was intended by Congress to afford ample protection to such minors in the matter of the sale of their inherited lands. Dierks v. Isaac, 114 Okla. 158, 244 P. 750; Harris v. Bell, 254 U. S. 103, 41 S. Ct. 49, 65 L. Ed. 159.

In Dierks v. Isaac, following the Bell Case, this court held as follows:

"The proviso of section 9 of the Act of Congress of May 27, 1908, requiring the approval of conveyance by the county court having jurisdiction of the estates of deceased allottees, does not apply to full-blood Indian minors, and the provision of section 6, giving the county court jurisdiction of the person and estate of all Indian minors, is the only provision applicable to such Indian minors."

Congress, of course, was well aware of the force and effect of these sections of the 1908 Act when the Act of 1933 was passed. Section 8 of the 1933 Act, supra, says that "no conveyance of any interest in land of any full-blood Indian heir shall be valid unless approved in open court after notice in accordance with the rules of procedure in probate matters adopted by the Supreme Court of Oklahoma in June of 1914." As we have said, those rules required notice only in cases where petition was filed in county court seeking approval of a conveyance already executed, obviously referring only to conveyances of adult heirs. Congress could not have mistaken the plain meaning of Rule 10. The Act of 1933 referred to the notice mentioned in that rule, and to no other, for the very reason that there was no other notice relating to conveyances or proposed conveyances mentioned in the rules in question.

Congress, well aware of all these circumstances and conditions, may have well and easily applied the Act of 1933 to the sale of minors' inherited lands, and would have specifically so provided had that been the real intention. But evidently it was the desire of Congress to leave that matter undisturbed in the hands of the county courts as courts of probate. The provision in section 8 of the Act of 1933 relating to notice referred to a form of notice applying only to conveyances by adult heirs. It is clear that by so doing Congress intended to provide for additional safeguard to the adult heirs alone. The notice provided for in Rule 10 could not fit into the regular prescribed statutory procedure in the matter of guardianship sales, as an examination of these statutes will reveal. Congress did not intend to disrupt or change the probate procedure of the county court.

By so holding we have not deprived the probate attorney of his right to appear and to appeal in such cases. Such rights were recognized prior to 1933 (sec. 6, Act of Congress, 1908; Clark v. DeGraffenried, 64 Okla. 177, 166 P. 736; In re Hickory, 75 Okla. 79, 182 P. 233).

The record in this case shows that no trial of the issues took place in the district court, but the order of the county court was reversed on jurisdictional grounds alone. The judgment of the district court is therefore reversed and the cause remanded, with directions to proceed with the trial of the cause.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, PHELPS, and CORN, JJ., concur. RILEY, J., dissents.