## UNITED STATES v. MEADORS et al.
### No. 1971.

District Court, E. D. Oklahoma.
Feb. 4, 1947.

Cleon A. Summers, U. S. Atty., and J. W. Crawford Asst. U. S. Atty., both of Muskogee, Okl., for plaintiff.

Woodford, Skinner & Ballinger and Harold Skinner, all of Holdenville, Okl., and Glenn O. Wallace, of Wewoka, Okl., for defendants.

RICE, District Judge.

Jonas Hawkins, a fullblood member of the Creek Tribe of Indians, died July 14, 1933, a resident of Hughes County, State of Oklahoma, while possessed of a portion of his allotted lands involved in this suit. Said lands had during his life time been certified as tax-exempt pursuant to the provisions of the Act of May 10, 1928, 45 Stat. 495, and under the provisions of Section 1 of the Act of January 27, 1933, 47 Stat. 777, 25 U.S.C.A. § 355 note, said lands remained restricted and tax-exempt in the hands of "restricted Indians" heirs.

The deceased left surviving him as his sole and only heirs at law the following, who are of that degree of Indian blood and who inherited the interest set opposite their respective names:

| | | |
|---|---|---|
| Arthur Bruner, fullblood | 1/12 | interest, |
| Lee B. Bruner, fullblood | 1/12 | interest, |
| Wisey Deer, formerly Goat, fullblood | 1/6 | interest, |
| Hepsie Wiseman, formerly Leader, one-half blood, | 1/6 | interest, |
| Billie Jackson, one-half blood | 1/6 | interest, |
| Jimmie Kathlyaleen Hawkins, minor, one-half blood | 1/6 | interest, |
| Katie Hawkins, minor, 15/16 blood, | 1/6 | interest. |

All of the heirs of the deceased have heretofore executed deeds purporting to convey their respective interest. The three fullblood heirs executed deeds in favor of the defendant, Ray Meadors, which deeds were approved by the County Court of Hughes County, Oklahoma. The two adult half blood heirs, Hepsie Wiseman and Billie Jackson, each executed a deed purporting to convey his interest, but the deeds were not approved by either the County Court of Hughes County, Oklahoma, or the Secretary of the Interior. The two minor heirs through their guardians executed guardian deeds purporting to convey their interest in said lands, which deeds were executed by the guardians upon authority of the County Court of Hughes County, Oklahoma, and it is conceded that the proceedings leading up to the execution of said guardians' deeds are in conformity with the laws of the State of Oklahoma. The guardians' deeds were not approved by the Secretary of the Interior.

After executing a deed to his interest, Hepsie Wiseman died and left surviving four heirs, all unrestricted, three of whom executed deeds conveying their interest to the defendant, Ray Meadors. One of his heirs, Gilbert Wiseman, who inherited an undivided 1/24 interest in said lands, has not executed any deed as to his interest.

By this action, the Government seeks to cancel the unapproved deeds of Hepsie Wiseman and Billie Jackson; also the two guardians' deeds. In the event of cancellation of said deeds, the ownership of said lands is as follows:

| | |
|---|---|
| Billie Jackson, | an undivided 1/6 interest, |
| Jimmie Kathlyaleen Hawkins, | an undivided 1/6 interest, |
| Katie Hawkins, | an undivided 1/6 interest, |
| Gilbert Wiseman, | an undivided 1/24 interest, |
| Ray Meadors, | an undivided 11/24 interest. |

The Government does not question the validity of the deeds of the fullblood heirs approved by the County Court of Hughes County, Oklahoma. The interested parties make no serious contentions that the deeds of Hepsie Wiseman and Billie Jackson are valid. The sole contention remaining for consideration by the Court is the validity of the two guardians' deeds, and the basis of the contention that the guardians' deeds are invalid is that under the Act of January 27, 1933, supra, the deeds required the approval of the Secretary of the Interior.

By Section 22 of the Act of April 26, 1906, 34 Stat. 137, 145, an Act providing among other things for the final disposition of the affairs of the Five Civilized Tribes in the Indian Territory, conveyances of lands inherited from any deceased Indian by adult heirs as well as by guardians of minor heirs were required to be approved by the Secretary of the Interior. Section 9 of the Act of May 27, 1908, 35 Stat. 312, 315, provides as follows: "That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: Provided, That no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee * * *."

By section 6 of the Act of 1908, the person and property of minor allottees were subjected to the jurisdiction of the probate courts of the State of Oklahoma. A provision therein is as follows: "no restricted lands of living minors shall be sold or encumbered, except by leases authorized by law, by order of the court or otherwise."

After the passage of the Act of 1908, supra, and until the passage of the Act of 1933, supra, lands inherited by Indians less than full blood were not restricted. Indians less than full blood could dispose of their inherited lands without the approval of anyone.

By Section 1 of the Act of 1933, supra, Congress provided that where the entire interest in restricted, tax-exempt lands is inherited by "restricted Indians, such lands shall remain restricted and tax-exempt during the life of and as long as held by such restricted Indians, but not longer than April 26, 1956, unless the restrictions are removed in the meantime in the manner provided by law." Section 8 of

said Act is as follows: "That it shall be the duty of the attorneys provided for under the Act of May 27, 1908 (35 Stat.L. 312), to appear and represent any restricted member of the Five Civilized Tribes before any county courts of any county in the State of Oklahoma, or before any appellate court thereof, in any matter in which said restricted Indians may have an interest, and no conveyance of any interest in land of any full-blood Indian heir shall be valid unless approved in open court after notice in accordance with the rules of procedure in probate matters adopted by the Supreme Court of Oklahoma in June of 1914, and said attorneys shall have the right of appeal from the decision of any county court approving the sale of any interest in land, to the district court of the district to which the county is a part."

Nowhere in the Act of 1933 did Congress attempt to define the term "restricted Indian" nor has Congress in any previous or subsequent legislation attempted to define that term. A precise definition of the term "restricted Indian" would be difficult, and it is not now necessary to attempt to define the term with exactness and precision. It is sufficient to say each of the heirs of Jonas Hawkins was a restricted Indian. Glenn v. Lewis, 10 Cir., 105 F.2d 398. The two minor heirs not only were restricted Indians but the land which was attempted to be sold through guardianship sales pursuant to the laws of the State of Oklahoma was restricted land within the meaning of said Act, and there is no provision in said Act for the removal of the restrictions against the sale of said lands with respect to restricted Indians less than full blood except as is contained in Section 1 wherein it is provided that they may be removed "in the manner provided by law".

■ Under the provisions of Section 8 of said Act, a fullblood Indian heir may sell his land provided his deed of conveyance is approved in open court. This Court held in United States v. Easley, D.C., 33 F. Supp. 442, that a full blood might convey by deed approved by the County Court having jurisdiction of the settlement of the estate of the deceased allottee. In Murray v. Ned, the Government sought to cancel a deed by a fullblood heir to lands inherited under the Act of 1933 for the reason that the deed was not approved by the County Court of the county having jurisdiction of the settlement of the estate of the deceased allottee. The judgment of this court cancelling said deed for the reason that it was not so approved was affirmed by the Circuit Court. See 10 Cir., 135 F.2d 407. One method provided by law for the removal of said restrictions on the type of lands involved herein is by a sale in a partition action. Such a sale operates to remove restrictions not only as to full bloods but as to less than fullblood restricted Indians. United States v. Watashe, 10 Cir., 117 F.2d 947.

■ The Act of 1933 makes no mention of minor heirs except as they are necessarily included in the term "restricted Indians". The Act makes no specific provision for the sale of such inherited lands by those restricted Indians who are not full bloods. It is contended that since the person and property of minor Indians are subject to the jurisdiction of the probate courts of the State of Oklahoma, that the deed of such minor executed under the protection of the probate court in a guardianship proceeding operates to remove restrictions "in a manner provided by law". Such contention must be rejected. Construing Section 6 and Section 9 of the Act of 1908 together, the Supreme Court reached the conclusion that minor heirs are not included in Section 9 of said Act. Harris v. Bell, 254 U.S. 103, 41 S.Ct. 49, 65 L. Ed. 159. See also: McCurtain v. Palmer, 10 Cir., 121 F.2d 1009; Whitchurch v. Crawford, 10 Cir., 92 F.2d 249.

No federal court has been called upon to construe Section 8 of the Act of 1933, supra, as respects minor heirs; however, the Supreme Court of Oklahoma has had occasion to do so and reached the conclusion that Section 8 of the Act of 1933 has no reference to minor heirs but applies only to adult heirs. In re Ashshalintubbi, 178 Okl. 582, 63 P.2d 724. Such conclusion is in harmony with the conclusion of the Supreme Court of the United States in Harris v. Bell, supra. If minor heirs are not affected by Section 9 of the Act of 1908, then such heirs took their inherited lands

free from all restrictions and were free to convey said lands in the same manner as any other minor, resident in the State of Oklahoma. See Dierks et al. v. Isaac et al., 114 Okl. 158, 244 P. 750. That is not true, however, as to lands inherited by minor heirs under the provisions of the Act of 1933. Lands inherited under the provisions of that Act remain restricted; and there is no Congressional authority for a County Court of the State of Oklahoma to sell restricted lands of a minor Indian.

Congress has plenary power to legislate concerning the lands of restricted Indians. It may provide any method it deems appropriate for the removal of restrictions against the alienation of such lands. Congress may provide one method for full bloods and a different method for mixed bloods. Both in the Act of 1908 and in the Act of 1933, Congress provided a specific method for the sale of inherited lands by a fullblood Indian, which method is applicable only to adult Indians. Absent some other and specific Congressional method for the removal of restrictions, the general power for removal of restrictions is reposed in the Secretary of the Interior. The guardians' deeds questioned herein not being approved by the Secretary of the Interior are void, they conveyed no interest in said lands, they should be cancelled. The deeds executed by the two half blood heirs, Billie Jackson and Hepsie Wiseman, are void for lack of approval of the Secretary of the Interior and should be cancelled.

Ray Meadors, a defendant, has asked that the lands be partitioned. Since he is an owner of an undivided 11/24 interest in the said lands after cancellation of the deeds above mentioned, he is entitled to that relief; however, it appears that one of the owners of an interest in said lands, to-wit: Gilbert Wiseman, is not named as a defendant and is not a party to this action. In order that the relief sought by the defendant by way of partition may be granted, this cause is continued for a period of thirty (30) days so that Gilbert Wiseman may be made a party. In the event he is not made a party within the thirty days, the attorney for the Government is directed to prepare Findings of Fact and Conclusions of Law and a Decree in conformity with this opinion and present the same to the Court for signing and entering after five (5) days notice to the other interested parties.